**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Robin Breda, | : |
|                 Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Cellco Partnership d/b/a Verizon Wireless; and DOES 1-10, inclusive, | : **COMPLAINT** |
|                 Defendants. | : |

For this Complaint, the Plaintiff, Robin Breda, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Robin Breda ("Plaintiff"), is an adult individual residing in Rowley, Massachusetts, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Cellco Partnership d/b/a Verizon Wireless ("Cellco"), is a New Jersey business entity with an address of One Verizon Way, Basking Ridge, New Jersey, 07920, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by Cellco and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Cellco at all times acted by and through one or more of the Agents.

## FACTS

7. On or about May 2016, Cellcostarted calling Plaintiff's cellular telephone, number 978-xxx-3598, in an attempt to collect a consumer debt from Megan Charlton (the "Debtor"), who is unknown to Plaintiff.

8. At all times mentioned herein, Cellco contacted Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

9. When Plaintiff answered Cellco's calls, she heard a prerecorded message asking if she was the Debtor and to press a specific number if Plaintiff was not the Debtor.

10. Plaintiff does not know how Cellco acquired her cellular phone number as Plaintiff did not provide it to them.

11. Plaintiff did not provide prior express consent to Cellco to place calls to her cellular phone number.

12. In or around June 2016, Plaintiff pressed the number indicating that she was not the Debtor and was transferred to a live representative. Plaintiff told Cellco that she was not the Debtor and they had the incorrect telephone number.

13. Despite having been so informed several times by Plaintiff, Cellco continued placing automated calls to her cellular telephone.

## COUNT I
## VIOLATIONS OF THE TCPA –
## 47 U.S.C. § 227, et seq.

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times mentioned herein and within the last year, Defendants called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

16. Defendants continued to place automated calls to Plaintiff's cellular telephone after being informed by Plaintiff that they had the incorrect telephone number for the Debtor.

17. Plaintiff never provided her cellular telephone number to Defendants and never provided her consent to be contacted on her cellular telephone.

18. The telephone number called by the Defendants was assigned to a cellular telephone serviced by Republic Wireless for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. Plaintiff was annoyed, harassed and inconvenienced by Defendants' continued calls.

20. The calls from the Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Each of the aforementioned calls made by the Defendants constitute a violation of the TCPA.

22. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: July 21, 2016

        Respectfully submitted,

        By  /s/ Sergei Lemberg

        Sergei Lemberg (BBO# 650671)
        LEMBERG LAW, L.L.C.
        43 Danbury Road, 3rd Floor
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        Attorneys for Plaintiff