UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBIN BREDA, *on behalf of herself and all others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a<br>VERIZON WIRELESS,<br><br>    Defendant. | **Civil Action No. 1:16-cv-11512-DJC** |

## ANSWER TO CLASS ACTION COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, defendant Cellco Partnership d/b/a Verizon Wireless ("**Verizon**"), by and through undersigned counsel, generally denies all of the averments in plaintiff Robin Breda's ("**Plaintiff**") putative Class Action Complaint ("**Complaint**"), except for those averments specifically admitted herein.  In doing so, Verizon replies specifically to the correspondingly numbered paragraphs in the Complaint as follows:

## INTRODUCTION

1. This paragraph recites the reasons why Plaintiff allegedly filed this action, to which no response is required.  Verizon, however, denies that it knowingly and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act.  To the extent this paragraph contains any factual averments or allegations that are inconsistent with this Answer or any Defense, Verizon denies such averments and allegations.

2. As to the first sentence of this paragraph, admitted.  As to the second sentence of this paragraph, Verizon states that Plaintiff is a *former* Verizon customer.  As to the remaining

sentences of this paragraph, Verizon admits only that certain telephone calls were made to a specific number provided to Verizon by another customer authorizing Verizon to make calls to that number, and that these calls were received by Plaintiff who indicated she was not the person intended to be called. Further, Verizon admits that calls were made to the same number after Plaintiff requested not to receive additional calls. Otherwise, the remaining averments either are legal conclusions to which no response is required or Verizon is without knowledge or information sufficient to form a belief as to the truth of the averments. To the extent this paragraph contains any factual averments or allegations that are inconsistent with this Answer or any Defense, Verizon denies such averments and allegations.

3. Verizon admits that Plaintiff asked not to receive further calls after identifying herself as the wrong party to receive those calls. Further, Verizon admits that calls were made to the same number after Plaintiff requested not to receive additional calls. To the extent this paragraph contains any factual averments or allegations that are inconsistent with this Answer or any Defense, Verizon denies such averments and allegations.

4. Verizon is without knowledge or information sufficient to form a belief as to the truth of the averments in the first sentence of this paragraph. The second sentence of this paragraph recites Plaintiff's description of this action, to which no response is required. To the extent this paragraph contains any factual averments or allegations that are inconsistent with this Answer or any Defense, Verizon denies such averments and allegations.

**PARTIES, JURISDICTION AND VENUE**

5. Verizon is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

6. Admitted.

7. This paragraph contains a legal conclusion to which no response is required. To the extent this paragraph contains any factual averments or allegations that are inconsistent with this Answer or any Defense, Verizon denies such averments and allegations.

8. This paragraph contains a legal conclusion to which no response is required. To the extent this paragraph contains any factual averments or allegations that are inconsistent with this Answer or any Defense, Verizon denies such averments and allegations.

## FACTS RELATED TO PLAINTIFF

9. Verizon is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

10. Verizon is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and this paragraph contains a legal conclusion to which no response is required. To the extent this paragraph contains any factual averments or allegations that are inconsistent with this Answer or any Defense, Verizon denies such averments and allegations.

11. Admitted.

12. Verizon is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

13. Verizon is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

14. Verizon is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

15. Verizon admits that calls were made to the same number after Plaintiff requested not to receive additional calls. To the extent this paragraph contains any factual averments or

allegations that are inconsistent with this Answer or any Defense, Verizon denies such averments and allegations.

16.   Verizon admits that Plaintiff is a *former* Verizon customer. Otherwise, Verizon is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph

17.   Verizon admits that it maintains certain records of outgoing calls made by its representatives. Otherwise, denied.

18.   Denied.

19.   Verizon is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

20.   Denied.

21.   This paragraph contains a legal conclusion to which no response is required. To the extent this paragraph contains any factual averments or allegations that are inconsistent with this Answer or any Defense, Verizon denies such averments and allegations.

## **CLASS ALLEGATIONS**

22.   This paragraph recites Plaintiff's description of the Complaint and this action, to which no response is required. To the extent a response is required, Verizon denies all averments in this paragraph.

23.   The case law cited in this paragraph speaks for itself. Further, *Abdeljalil v. Gen. Elec. Cap. Corp.*, 306 F.R.D. 303 (S.D. Cal. 2015), was decided prior to *Sherman v. Yahoo! Inc.*, No. 13CV0041-GPC-WVG, 2015 WL 5604400 (S.D. Cal. Sept. 23, 2015), in which the same district court denied plaintiff's motion to certify a class, holding the proposed class was not ascertainable and that individualized issues of consent predominated. To the extent this

paragraph contains any factual averments or allegations that are inconsistent with this Answer or any Defense, Verizon denies such averments and allegations.

24. As to the first sentence of this paragraph, denied. This second sentence of this paragraph recites Plaintiff's description of who should be excluded from the putative class, to which no response is required. To the extent the second sentence contains any factual averments or allegations that are inconsistent with this Answer or any Defense, Verizon denies such averments and allegations.

25. Verizon is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, but states that the putative classes cannot be certified in this action.

26. Denied.

27. Denied.

28. Denied.

29. Verizon is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

30. Denied.

31. Denied.

## COUNT I – VIOLATIONS OF THE TCPA

32. Verizon incorporates by reference its responses to Paragraphs 1-31 as though fully set forth herein.

33. This paragraph recites Plaintiff's description of the Complaint and this action, to which no response is required. To the extent this paragraph contains any factual averments or

allegations that are inconsistent with this Answer or any Defense, Verizon denies such averments and allegations.

34. Verizon is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and this paragraph contains a legal conclusion to which no response is required.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied

### COUNT II – WILLFUL VIOLATIONS OF THE TCPA

40. Verizon incorporates by reference its responses to Paragraphs 1-39 as though fully set forth herein.

41. This paragraph recites Plaintiff's description of the Complaint and this action, to which no response is required. To the extent this paragraph contains any factual averments or allegations that are inconsistent with this Answer or any Defense, Verizon denies such averments and allegations.

42. Verizon is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and this paragraph contains a legal conclusion to which no response is required. To the extent this paragraph contains any factual averments or allegations that are inconsistent with this Answer or any Defense, Verizon denies such averments and allegations.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## DEFENSES

Verizon asserts that Plaintiff's claims should be denied in whole or in part by the defenses set forth below. By setting forth the following affirmative and other defenses, Verizon does not concede that it should bear the burden of proof or persuasion on any of the defenses. Also, Verizon asserts that some of the allegations and claims in the Complaint are vague and, as a result, Verizon is not able to ascertain what, if any, other defenses may be available to deny those allegations and claims in whole or in part. Therefore, Verizon hereby gives notice that it intends to rely on additional defenses that become available or apparent during discovery and reserves the right to amend this Answer to assert such additional defenses. Furthermore, Verizon asserts the following affirmative defenses to with respect to the Plaintiff's individual claims and putative class-action claims to the extent any class is certified, which Verizon will oppose. If the Court certifies a class in this case over the Verizon's opposition, then Verizon asserts these defenses against each and every member of the certified class.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff and the putative class members lack standing because they have not incurred any monetary damages or other injury.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint should be dismissed for lack of subject matter jurisdiction to the extent that Plaintiff's claims do not meet the threshold requirements under 28 U.S.C. § 1332.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's class-wide claims should be dismissed, in whole or part, because the putative class is overly broad as it would include persons who suffered no injury at all.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's class-wide claims should be dismissed, in whole or part, as Plaintiff is not an adequate class representative.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class members' claims are barred, in whole or in part, by consent, express and implied.

**SEVENTH AFFIRMATIVE DEFENSE**

Any award of punitive or statutory damages against Verizon would be unconstitutional because it would violate both the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the terms of their customer agreements with Verizon.

**NINTH AFFIRMATIVE DEFENSE**

This action cannot properly be maintained as a class action because Plaintiff cannot satisfy the requirements of Fed. R. Civ. P. 23 and the case law decided thereunder, including,

without limitation: (a) Plaintiff cannot establish the necessary procedural elements for class action treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint and is not superior to other available methods; (c) there is no commonality between Plaintiff and the putative members of the classes she seeks to represent; (d) common issues of fact or law do not predominate, and, to the contrary, individual issues predominate; (e) Plaintiff's claims are not representative or typical of those of the putative classes; (f) Plaintiff and/or alleged putative class counsel are not adequate or proper class representatives; (g) the putative classes Plaintiff seeks to represent is not so numerous as to render joinder of all members impracticable; (h) Plaintiff cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; and (i) the alleged putative classes are not ascertainable and their members are not identifiable.

## TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or the putative class members are subject to arbitration.

## ELEVENTH AFFIRMATIVE DEFENSE

Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Verizon's procedural rights and right to trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

WHEREFORE, Verizon respectfully requests that judgment enter dismissing the Complaint, with prejudice, and that Verizon be awarded its reasonable costs and attorneys' fees from this action, together with whatever further relief this Court deems just and equitable.

Dated: November 18, 2016

>Respectfully submitted,
>
>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,
>
>By its attorneys,
>
>/s/ David G. Thomas
>David G. Thomas (BBO # 640854)
>Emily H. Bryan (BBO # 687935)
>Greenberg Traurig, LLP
>One International Place, 3rd Floor
>Boston, MA 02110
>Tel: (617) 310-6000
>Fax: (617) 310-6001
>thomasda@gtlaw.com
>bryane@gtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent all those non-registered participants on November 18, 2016.

>/s/ David G. Thomas
>David G. Thomas