**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBIN BREDA, *on behalf of herself and all others similarly situated*,<br><br>   Plaintiff,<br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>   Defendant. | Civil Action No.   1:16-cv-11512-DJC |

## MOTION FOR PROTECTIVE ORDER

Plaintiff respectfully requests that this Court enter an order of protection under Civ.R. 26 to quash Verizon's subpoenas, and a directive to serve amended subpoenas that are limited to documents relevant to the claims and defenses in this case. The two subpoena are attached hereto as *Exhibit 1* and *Exhibit 2* – Subpoenas to Bandwidth.com, Inc. and Republic Wireless, Inc.

Defendant's subpoena is overbroad and seeks irrelevant information that would invade Plaintiff's right to privacy and personal interest in the subject matter of the requested documents.

**I.    BACKGROUND**

Plaintiff brought this action after Defendant made repeated calls to her cellular telephone despite her request not to call her in violation of the Telephone Consumer Protection Act.

Verizon has served the attached subpoenas that seeks ***all*** of Ms. Breda's telephone call records, including four years of call details for calls that have nothing to do with Verizon or even any third party related to this case.

Information pertaining to calls Plaintiff made or received, other than the calls relating to the defendant, has absolutely no bearing on any claim or defense in this case. In addition to being

irrelevant, the requested phone records are private, and their production would violate Plaintiff's privacy rights. Also, the only way for Defendant to ascertain information on what was said during these calls is to call the numbers listed as the call details do not provide what was said. Any such action, could only be used to harass Plaintiff.

In this motion, Plaintiff is only seeking to quash the four years of call detail information except as to calls between Plaintiff and Verizon and has agreed to allow production of information that she maintains are irrelevant, such as information regarding the names of all persons listed on the account, billing details or what her cell phone usage was for the time period defendant called Plaintiff.

Plaintiff objected to the overbreth of the subpoenas prior to Defendant serving them, but Defendant has refused to hold off serving the subpoenas until this Court rules on this motion. Because the subpoenas require production by December 12, 2016 (less than two weeks from notice of the subpoenas) or a deposition by December 16, 2016, Plaintiff requests an order having Defendant withdraw the subpoenas until this Court rules on the issue. *See Exhibits 1* and *2*.

## II.   ARGUMENT

This Court should enter an order for protection or modification. Plaintiff has a personal right and interest in her cell phone calling records. These documents are wholly irrelevant to this case, and their production would violate Plaintiff's privacy rights.

The Federal Rules of Civil Procedure allow for discovery only if it is both "relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The Court must limit discovery that is "outside the scope permitted" by this rule.   Fed. R. Civ. P.

26(b)(2)(C)(iii);[1] *see also Wilk v. American Medical Association*, 1979 U.S. Dist. LEXIS 12204, *5 (N.D. Ill. 1979) ("It is appropriate for the court to step in and limit discovery when it feels that the discovery involved is cumulative, unnecessary, or only marginally relevant or important.")

A court may quash or modify a subpoena if it discloses confidential information or "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Wilkerson v. Georgia*, No. CV614-041, 2015 U.S. Dist. LEXIS 125160, at *11 (S.D. Ga. Sep. 10, 2015); *Netjets Aviation, Inc. v. Peter Sleiman Dev. Group, LLC*, No. 3:10-cv-483-J-32MCR, 2011 U.S. Dist. LEXIS 147526, at *4-5 (M.D. Fla. Dec. 22, 2011); Rule 45(c)(3)(A)(iii) & (B)(i), Fed.R.Civ.P. A person has standing to challenge a subpoena where he demonstrates a personal right or privilege regarding the subject matter of the subpoena. *United States ex rel. Willis v. SouthernCare, Inc.*, No. CV410-124, 2015 U.S. Dist. LEXIS 127746, at *6 (S.D. Ga. Sep. 23, 2015), *citing* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008); *Coulter v. Murrell*, No. 10-102 IEG NLS, 2011 U.S. Dist. LEXIS 14922, 2011 WL 666894, at *2 (S.D. Cal. Feb. 14, 2011); *Ademiluyi v. Phillips*, No. 2:14-cv-00507-MMD-CWH, 2014 U.S. Dist. LEXIS 173739, at *3 (D. Nev. Dec. 12, 2014).

Courts have found a personal right or privilege exists, for example, when the subpoena seeks a party's employment records from a third-party. *See Barrington v. Mortg. IT, Inc.*, 2007 U.S. Dist. LEXIS 90555, 2007 WL 4370647 at * 2 (S.D. Fla. Dec. 10, 2007). Other courts have found standing to object to a subpoena that implicates a personal interest in the privacy of one's cell phone records, like this case, and ordered the respective subpoenas quashed. *Exhibit 3,*

---

1 These requirements apply to third-party subpoenas issued under Rule 45, like the subpoenas that Comcast proposes in this case. *See Bagwe v. Sedgwick Claims Mgmt. Servs.*, 2013 U.S. Dist. LEXIS 139076, *5 (N.D. Ill. Sept. 27, 2013) ("Although Rule 45 allows any party to subpoena a non-party to produce documents or attend a deposition, that subpoena power remains subject to the general relevancy requirements of Rule 26(b).").

*Vasquez v. Convergent Outsourcing, Inc.,* No. 1:14-cv-6248 (ND Ill. Aug. 21, 2014) (TCPA class action where subpoena seeking telephone call detail records other than calls between the parties was quashed); *Winter v. Bisso Marine Co.*, No. 13-5191, 2014 U.S. Dist. LEXIS 103281, at *4 (E.D. La. July 29, 2014); *Sovereign Partners Ltd. Pshp. v. Restaurant Teams Int'l, Inc.*, 99 Civ. 0564 (RJW) (JCF), 1999 U.S. Dist. LEXIS 17014, at *10 (S.D.N.Y. Nov. 1, 1999) ("The fact that the telephone records contain relevant information and are not privileged does not mean, however, that they are subject to unlimited discovery. The records undoubtedly include substantial data not pertinent to any aspect of this litigation, including information about personal phone calls made ... This raises significant privacy concerns.")

After all, the touchstone of all discovery is relevance. *Devries v. Morgan Stanley & Co. LLC*, No. 12-81223-CIV-MARRA/MATTHEWMAN, 2013 U.S. Dist. LEXIS 89714, at *4 (S.D. Fla. June 26, 2013). While Rule 45 permits a party to serve a subpoena commanding a nonparty to produce designated documents, the documents must be relevant to the action. *See* Fed. R. Civ. P. 26(b)(1). So, the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1).Federal Rule of Civil Procedure 26 allows the parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense..." *Id.* Documents beyond those related to the subject of the claim are improper, and subpoenas seeking such information should be precluded. *See Myhre v. TLFO, LLC*, No. 14-81036-CIV-COHN, 2015 U.S. Dist. LEXIS 49497, at *9 (S.D. Fla. Apr. 15, 2015). This Court can limit the scope of a subpoena to material that pertains to the acts specified in the complaint. *Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991).

Defendant's subpoenas requesting all of Plaintiff's calling records over a four year period

are improper, irrelevant and contrary Fed.R.Civ.P. 26(b)(1). The subpoena should be quashed or an order entered to modify its scope within boundaries of permissible discovery.

## III.    RULE 37 DISCUSSIONS

Immediately upon notice of the subpoenas on November 30, 2016, Plaintiff asserted her objection and contacted Defendant via e-mail.  *See Exhibit 4.*  On December 1, 2016, plaintiff's counsel telephoned defense counsel to discuss and followed up via e-mail.  *Id.*  Defendant informed Plaintiff that it was moving forward with the subpoenas and Plaintiff was free to designate the production as documents as confidential, but failed to address how the call details with third parties was relevant to any claim or defense. *See Exhibit 5*.

Despite Plaintiff's good faith attempts in accordance with Rule 37, the parties have been unable to resolve their differences.

**WHEREFORE,** Plaintiff respectfully requests this Court enter an order to quash the subpoenas to Bandwidth.com, Inc. and Republic Wireless, Inc., in order to serve an amended subpoena that is limited to documents that are relevant. Time being of the essence regarding the pending subpoena to Bandwidth.com, Inc. and Republic Wireless, Inc., Plaintiff respectively asks this Court to order the Defendants to immediately serve a copy of Court's Order quashing Defendants' subpoenas to Bandwidth.com, Inc. and Republic Wireless, Inc. In the event Defendants receive the requested documents pursuant to their subpoena in the interim or thereafter, Plaintiff requests this Court order the destruction of those documents.

Dated: December 2, 2016

Respectfully Submitted,

/s/ Keith J. Keogh


Keith J. Keogh (Pro Hac Vice) Ill. Bar No. 6257811IL
Timothy Sostrin, Ill. Bar No. 6290807IL
Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, Illinois   60603
312.726.1092 (office)
312.726.1093 (fax)
tsostrin@keoghlaw.com
keith@keoghlaw.com

Sergei Lemberg, Ct. Bar No. 25027CT
Lemberg Law LLC
43 Danbury Road
Wilton, CT 06897
203.653.2250 x5500 (office)
203.653.3425 (fax)
slemberg@lemberglaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 2, 2016, I electronically field the foregoing document with the Clerk of the Court using CM/ECF, which perfected service on all parties of record.

Respectfully Submitted,

*/s/ Keith J. Keogh*
Keith J. Keogh (Pro Hac Vice) Ill. Bar No. 6257811IL
Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, Illinois   60603
312.726.1092 (office)
312.726.1093 (fax)
keith@keoghlaw.com