**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBIN BREDA, *on behalf of herself and all others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>    Defendant. | CIVIL ACTION NO.  1:16-CV-11512-DJC |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Pursuant to FED. R. CIV. P. 26(b)(1) and 37(a)(5)(B), this Court should deny Plaintiff Robin Breda's ("**Plaintiff**") Motion for Protective Order ("**Motion**") (Dkt. No. 16) for the following reasons:

1.    On November 30, 2016, as required by FED. R. CIV. P. 45(a)(4), defendant Cellco Partnership d/b/a Verizon Wireless ("**Verizon**") served Plaintiff with notice of its intent to serve subpoenas on Plaintiff's alleged "Voice over Internet Protocol" ("**VoIP**") carrier, Republic Wireless, Inc. ("**Republic**") and its parent company, Bandwidth.com, Inc. ("**Bandwidth**") ("**Subpoenas**").  Within minutes, Plaintiff objected to the Subpoenas as overbroad and because they sought confidential information.  *See* Pl.'s Mot., Ex. 4.  Verizon promptly informed Plaintiff that the discovery sought was proper because Plaintiff had placed the relevant account information at issue in this proceeding and the account apparently is linked to a VoIP service, which may impact whether Plaintiff has a viable claim under the TCPA and/or whether she can even prove damages, among other things.  *See* Pl.'s Mot., Ex. 5.  As such, Verizon asserted that it was entitled to the full account records for the relevant time period.  *See id.*

1

2. However, in an effort to compromise, address Plaintiff's privacy concerns, and prevent unnecessary motion practice, Verizon:

    a. suggested that the Parties jointly request that the Court enter a Confidentiality Stipulation and Protective Order ("**Confidentiality Stipulation**");

    b. provided Plaintiff with a draft Confidentiality Stipulation, a form substantially the same as a form which this Court previously approved in another case (*Hurzarsky v. Little Kids, Inc. Inc.,* C.A. No. 1:15-cv-13613-DJC, Dkt. No. 26); and

    c. suggested that Plaintiff be allowed to stamp records produced by Republic and Bandwidth as CONFIDENTIAL pursuant to the Confidentiality Stipulation to protect them from the public domain.

*See* Pl.'s Mot., Ex. 5.  Plaintiff filed the Motion nonetheless.

3. On December 2, 2016, Verizon served nearly identical Subpoenas[1] on Republic and Bandwidth.[2]  *See* Exhibit A and Exhibit B attached hereto.  The Subpoenas seek, among other things, details of the calls for Plaintiff's alleged accounts (day, time, caller, and duration) for the period of January 1, 2014 to the present.  *See* Exs. A, B.  The Motion incorrectly states that the Subpoenas seek "all of [Plaintiff's] telephone call records" over a four year period.  *See* Pl.'s Mot. at 1. Rather, the scope of the Subpoena is limited to a less than three year period – specifically, the time period for the inquiry starts in the month and year (January 2014) in which at least one of the subject telephone numbers apparently became David Breda's number.  *See* Exs. A, B; Joint Report Pursuant to Fed. R. Civ. P. 26(f) and Loc. R. 16.1, as Modified (Dkt. No. 17) ("**Joint Report**"), p. 11.

---

[1] The Subpoenas are identical except as to the name of the entity from which records are sought.  *See* Exs. A, B.

[2] After Plaintiff filed the Motion, Verizon requested that the Motion be included in the Parties' Loc. R. 16.1 Joint Report as an "Agenda Item" and further informed Plaintiff that, when contacted by Republic and Bandwidth, Verizon would request that each entity not produce documents in response to the Subpoenas until the Court rules on the Motion.

2

4.      Plaintiff seeks an order quashing the Subpoenas because the discovery sought – information about the telephone accounts at issue in this proceeding – allegedly has "absolutely no bearing on any claim or defense in this action" and is private.[3]  *See* Pl.'s Mot. at 1-2.

5.      The Motion is not substantially justified.  First, by initiating this action under the Telephone Consumer Protection Act ("**TCPA**"), Plaintiff has put the account records for the two telephone numbers she asserted Verizon called in violation of the TCPA squarely at issue.  Those two numbers, according to Plaintiff's Original Complaint and Class Action Complaint, are XXX-XX2-7857 and XXX-XX7-7857 ("**Telephone Numbers**").  Second, the account records surely are relevant to Plaintiff's claims and Verizon's defenses for, at a minimum, the following reasons:

   a.   Plaintiff asserts *in her own pleadings* that she owns the Telephone Numbers.  Verizon disputes that Plaintiff owns at least one of the Telephone Numbers.  Disclosure of who called those numbers during the relevant time period will assist Verizon in testing and supporting its belief and defense that Plaintiff does not have standing to assert TCPA claims against Verizon and Plaintiff has not suffered any damages.  *See* Joint Report, pp. 13-14.

   b.   Plaintiff asserts *in her own pleadings* that she does not know Megan Carlton.  Verizon is entitled to test Plaintiff's credibility by viewing the specific telephone calls for the Telephone Numbers and any other number that Plaintiff has with Republic and Bandwidth.  This also is directly relevant to Verizon's assertion that

---

[3] Plaintiff also asserts that the records sought will "not provide what was said" during the calls listed.  *See* Pl.'s Mot. at 2.  At no time did Verizon indicate that the Subpoenas solely seek recordings or transcriptions of phone calls.  *See* Exs. A, B.

3

        Verizon received consent to call the Telephone Number at issue in the current iteration of Plaintiff's Class Action Complaint. *See* Joint Report, pp. 10-11.

    c.    Plaintiff asserts *in her own pleadings* that she was charged for the calls made by Verizon. As such, Verizon is entitled to discover and fully understand how charges were tallied for each call. This is directly relevant to the Parties' dispute over the impact of the VoIP service at issue in this proceeding. *See* Joint Report, pp. 13-14.

    d.    Finally, Verizon is entitled to verify whether or not Plaintiff has a prior relationship with her counsel, which may be revealed through the the requested discovery. *See Susman v. Lincoln Am. Corp.*, 561 F.2d 86, 90 (7th Cir. 1977) (noting that "a majority of courts . . . have refused to permit class attorneys, their relatives, or business associates from acting as the class representative"); *In re IMAX Sec. Litig.*, 272 F.R.D. 138, 155–56 (S.D.N.Y. 2010) (when there is a close relationship, there is a perceived risk that the class representative will permit actions that are less favorable to absent class members); *Kirby v. Cullinet Software, Inc.*, 116 F.R.D. 303, 308–09 (D. Mass. 1987) (same); *Zlotnick v. TIE Commc'ns, Inc.*, 123 F.R.D. 189, 193–94 (E.D. Pa. 1988) (same).

6.    Furthermore, Plaintiff's concerns about "privacy" are easily and readily addressed by the Confidentially Stipulation that Verizon suggested the Parties ask the Court to enter – before Plaintiff filed the Motion.

7.    Moreover, notwithstanding Plaintiff's "objection" to the scope of the Subpoenas (to the extent Plaintiff states or implies otherwise), Verizon was not required to file a motion to compel absent Republic or Bandwidth's (the recipients of the Subpoenas) objection. *See* FED. R.

CIV. P. 45(d)(3) ("*A person commanded to produce documents*" may serve a written objection to the subpoena . . . .  If an objection is made . . . the serving party may move the court for the district where compliance is required for an order compelling production.") (emphasis added).

8. Finally, Plaintiff did not request a hearing on the Motion under the Local Rules. Verizon requests one below and suggests that the Parties present oral argument on the Motion at the upcoming Scheduling Conference on Monday, December 12, 2016, at 3:30 p.m., if the Court believes such argument would be appropriate then.  As set forth above, the Parties did list the scope of discovery as an "Agenda Item" in the Joint Report.

[intentionally left blank]

WHEREFORE, defendant Cellco Partnership d/b/a Verizon Wireless respectfully requests that the Court to enter an order as follows:

A. Deny Plaintiff Robin Breda's Motion for Protective Order;

B. As the Motion was and is not substantially justified, order the payment of Verizon's reasonable expenses in having to oppose the Motion, including attorneys' fees as provided by Fed. R. Civ. P. 37(a)(5)(B); and

C. Grant such further relief this Court deems just and equitable.

Respectfully submitted,

CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,

By its attorneys,

/s/ Emily H. Bryan
David G. Thomas (BBO # 640854)
Emily H. Bryan (BBO # 687935)
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA  02110
Tel:  (617) 310-6000
Fax:  (617) 310-6001
thomasda@gtlaw.com
hannigane@gtlaw.com

Dated:  December 9, 2016

### REQUEST FOR HEARING

Defendant believes that oral argument may assist the Court and hereby requests an oral argument on the Motion.

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent all those non-registered participants on December 9, 2016.

      /s/ Emily H. Bryan
      Emily H. Bryan