# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBIN BREDA, *on behalf of herself and all others similarly situated*,<br><br>　　Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>　　Defendant. | Civil Action No. 1:16-cv-11512-DJC |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION AND SUMMARY OF ARGUMENT

To prevail on her individual claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("**TCPA**"), Plaintiff Robin Breda ("**Plaintiff**") must prove that Defendant Cellco Partnership d/b/a Verizon Wireless ("**Verizon**") placed automated telephone calls to a number "*assigned* to a… *cellular telephone service*… or *any service for which the called party is charged for the call*." This, Plaintiff cannot do. That is because the telephone number Verizon called is *assigned* to a "wireline" and, based on Plaintiff's sworn testimony, she was not otherwise separately charged for any call Verizon made to her as her calling plan provides *unlimited* calling and minutes for the same flat monthly fee. Therefore, as a matter of law, Verizon is entitled to Summary Judgment on all of Plaintiff's claims.

### CONCISE STATEMENT OF UNDISPUTED FACTS

Verizon incorporates by reference herein its Statement of Undisputed Facts ("**SOF**"), pursuant to Local Rule 56.1, in its entirety.

## RELEVANT LEGAL STANDARDS

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *De-Jesus-Adorno v. Browning Ferris Indus. of P.R., Inc.*, 160 F.3d 839, 841 (1st Cir. 1998). When a motion is made and supported, a responding party may not rest on mere allegations or denials; but rather, the party must establish a genuine issue for trial with sufficient evidence. *See* FED. R. CIV. P. 56(e); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("In response to a summary judgment motion, however, the plaintiff can no longer rest on such 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts' Fed. Rule Civ. P. 56(e)"). Such a genuine triable issue "does not spring into being simply because a litigant claims that one exists." *Martinez v. New England Med. Ctr. Hosps.*, Inc., 307 F. Supp. 2d 257, 264 (D. Mass. 2004). Neither wishful thinking nor 'mere promise[s] to produce admissible evidence at trial' . . . nor conclusory responses unsupported by evidence . . . will serve to defeat a properly focused Rule 56 motion." *See id.* As explained below, there is no genuine issue of material fact relevant to this Motion and the Court should grant summary judgment in favor of Verizon on all Counts of Plaintiff's Complaint.

## ARGUMENT

**I. PLAINTIFF CANNOT ESTABLISH A TCPA VIOLATION UNDER SECTION 227(b)(1)(A)(iii).**

To prevail at trial, Plaintiff must present sufficient evidence to prove Verizon violated TCPA Section 227(b)(1)(A)(iii) – the *only* section of the TCPA Plaintiff asserts Verizon violated in the Complaint. SOF, ¶ 2. A defendant violates that TCPA section by, among other things, placing automated or prerecorded telephone calls to a telephone number "*assigned*" to a (1) "*cellular telephone service*" or (2) "service for which the called party *is charged for the call*."

*See* 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added); *Jones v. Experian Info. Sols.*, No. CV 14-10218-GAO, 2016 WL 3945094, at *6 (D. Mass. July 19, 2016); *Karle v. Southwest Credit Systems*, 2015 WL 5025449, at *6 (D. Mass. June 22, 2015), *Report and Recommendation adopted by* 2015 WL 5031966 (D. Mass. Aug. 25, 2015). Similarly, Voice over Internet Protocol ("**VoIP**") services do not fall under Section 227(b)(1)(a)(iii) unless the complaining party was charged for the subject calls. *See Jones*, 2016 WL 3945094, at *7 (recognizing that, although VoIP services are protected under the TCPA, such protection is triggered only when a party incurs charges based on calls received through such service); *Karle*, 2015 WL 5025449, at *6 (distinguishing between VoIP service and cellular service and granting summary judgment for defendant because plaintiff was not charged for the calls made through VoIP service to plaintiff's residential telephone line). Based on the undisputed facts, as derived from Plaintiff's telephone service provider *and Plaintiff's own deposition*, Plaintiff cannot prove Verizon violated TCPA Section 227(b)(1)(A)(iii) as a matter of law.

In determining whether Verizon's telephone calls to Plaintiff's telephone number fall under the purview of Section 227(b)(1)(A)(iii), "the plain and unambiguous meaning of a statute prevails in the absence of clearly expressed legislative intent to the contrary." *Northland Cranberries, Inc. v. Ocean Spray Cranberries, Inc.*, 382 F. Supp. 2d 221, 225 (D. Mass. 2004). There is no such clearly expressed intent to interpret Section 227(b)(1)(A)(iii) in any way other than how it is written. Therefore, the statute requires Plaintiff's telephone number to be "assigned" to a (1) "cellular telephone service" or (2) "service for which the called party is charged for the call" at the time of the calls in order for the calls to fall under the umbrella of the TCPA. *See* 47 U.S.C. § 227(b)(1)(A)(iii). The manner by which Verizon's telephone calls were ultimately transmitted to Plaintiff's actual telephone has no relevancy to the Court's analysis.

Instead, the Court's analysis begins and ends with a determination of whether Plaintiff has a cause of action under the TCPA as enacted by Congress.  In doing so, this Court should not ask whether in its judgment Congress should have authorized Plaintiff's TCPA suit, but whether Congress in fact did so.  *See, e.g. Lexmark Intern., Inc. v. Static Control Components, Inc.,* 134 S. Ct. 1377, 1387–88 (2014) ("the question this case presents is whether Static Control falls within the class of plaintiffs whom Congress has authorized to sue under § 1125(a).").  Applying the plain meaning of the TCPA, Plaintiff has no cause of action.

First, despite Plaintiff's unequivocal factual assertion in the Complaint, Plaintiff's telephone number is not "assigned" to a cellular telephone service.  *Compare* Compl. ¶ 20 and SOF ¶ 2 *with* SOF ¶¶ 6-12.  Rather, Plaintiff's telephone number is assigned to a "wireline."  *See* SOF ¶¶ 6-12.[1]  Creditors (like Verizon here) may call wireline numbers without implicating the TCPA.  *See* SOF ¶ 5; 47 U.S.C. § 227(b)(1)(B); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 566-568 (2008).

Second, Plaintiff's telephone number is not "assigned" to a service for which she was charged for Verizon's telephone calls.  *See* SOF, ¶¶ 13, 14.  Rather, Plaintiff paid a flat monthly fee for unlimited calling and minutes.  *See id.*  The lack of additional per call charges and/or lack of reduction in minutes per call under Plaintiff's telephone service plan precludes Plaintiff from proving Verizon called a service for which Plaintiff was charged for such calls.  *See Karle v. Southwest Credit Systems*, 2015 WL 5025449, at *6 (where this Court granted summary judgment for defendant as there was "no indication of any charge per usage... nor [did plaintiff] submit [] any evidence in support of any itemized charges."); *see also, Lynn v. Monarch*

---

[1] Recently, Plaintiff sent subpoenas to Republic Wireless and Bandwidth.  Further discovery into how those entities actually transmit telephone calls made to Plaintiff's telephone is irrelevant.  Verizon placed calls to a telephone number "assigned to" a wireline.  What occurs after that by third parties like Republic Wireless and Bandwidth to send calls to Plaintiff's handheld telephone does not alter the analysis under the TCPA contained herein.

*Recovery Management, Inc.*, 953 F.Supp.2d 612, 624-25 (D. Md. 2013) (finding defendant violated the TCPA because plaintiff was charged for each of the calls initiated by defendant). As Verizon did not call a telephone number *assigned to* a cellular telephone service or a service for which Plaintiff was charged for Verizon's calls, Plaintiff's TCPA claims fail as a matter of law.

II.   **PLAINTIFF WILL NOT FIND A SAFE HARBOR IN THE FEDEAL COMMUNICATION COMMISSION'S 2012 REPORT AND ORDER, PARAGRAPH 25.**

Verizon expects Plaintiff will rely on Paragraph 25 in *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC Report and Order, CG Docket No. 02-278 (Feb. 15, 2012) ("**2012 Report and Order**"), to argue that the "FCC has held that consumers are charged for purposes of the TCPA when they prepay their plans even if the calls don't result in any additional charges." To the extent Plaintiff does so, her reliance will be misplaced as Paragraph 25 does not support that argument. Specifically, the 2012 Report and Order states as follows:

> In addition, we note that the substantial increase in the number of consumers who use wireless phone service, sometimes as their only phone service, means that autodialed and prerecorded calls are increasingly intrusive in the wireless context, especially where the consumer pays for the incoming call. Further, the costs of receiving autodialed or prerecorded telemarketing calls to wireless numbers often rests with the wireless subscriber, *even in cases where the amount of time consumed by the calls is deducted from a bucket of minutes*.

*Id.* (emphasis added). Here, Plaintiff did *not* pay any extra for any of Verizon's incoming calls and those calls did not consume any additional minutes from a defined "bucket" of minutes as Plaintiff pays only a flat fee for all calls, no matter how many minutes, and regardless of whether she gets 1 call or 1,000 calls. SOF, ¶¶ 13, 14.

### III. *LEVY v. RECEIVABLES PERFORMANCE MANAGEMENT, LLC*, 972 F. SUPP. 2d 409 (E.D.N.Y 2013) IS NOT CONTROLLING.

Verizon also expects Plaintiff will rely on *Levy v. Receivables Performance Management, LLC,* 972 F. Supp. 2d 409 (E.D.N.Y. 2013) for the proposition that she need not prove she was charged separately for Verizon's calls to prevail under TCPA Section 227(b)(1)(A)(iii). Again, to the extent Plaintiff does so, her reliance will be misplaced. Unlike here, the *Levy* court dealt with telephone calls made to a telephone *assigned to* a "cellular telephone service." *See* 972 F. Supp. 2d at 422. Plaintiff's telephone number is not assigned to a cellular telephone service – *it is assigned to a wireline*. SOF ¶¶ 6-12. As such, based on the unambiguous text of TCPA Section 227(b)(1)(A)(iii) – she must prove that her "service" otherwise *separately charged for Verizon's calls*. *See id.* (recognizing that the "charged for the call" language of Section 227(b)(1)(A)(iii) applies to the "any service" prong rather than the "cellular telephone service" prong). As discussed in detail above, Plaintiff cannot do so.

[intentionally left blank]

## CONCLUSION

For the forgoing reasons, Cellco Partnership d/b/a Verizon Wireless, respectfully requests that the Court enter an Order granting summary judgment in Verizon's favor on all Counts of Plaintiff's Complaint and to afford such other relief as the Court deems appropriate.

Respectfully submitted,

CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,

By its attorneys,

/s/ Dale T. Golden
Dale T. Golden, Esq.
Florida Bar No.: 0094080
Golden Scaz Gagain, PLLC
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675

and

/s/ David G. Thomas
David G. Thomas (BBO # 640854)
Emily H. Bryan (BBO # 687935)
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA  02110
Tel:  (617) 310-6000
Fax:  (617) 310-6001
thomasda@gtlaw.com
bryane@gtlaw.com

Dated:  May 8, 2017

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent all those non-registered participants on May 8, 2017.

/s/ David G. Thomas