# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

ROBIN BREDA, *on behalf of herself and all others similarly situated*,

      Plaintiff,

v.

CELLCO PARTNERSHIP d/b/a
VERIZON WIRELESS,

      Defendant.

**Civil Action No.  1:16-cv-11512-DJC**

## *UNOPPOSED* MOTION TO AMEND DOC. NO. 139

Cellco Partnership d/b/a Verizon Wireless ("**Defendant**") submits this motion to amend the Court's December 12, 2019 Order ("**Order**") and states as follows:

1.  The Order requires Defendant to produce data about its customers, including data that customers may assert is protected by various common law principles and state and federal statutory provisions protecting their privacy.  Defendant requests to add language to the end of the Order to make it clear that they are allowed, subject to the Confidentiality Stipulation and Protective Order already in place, to produce account status, customer account numbers, phone numbers dialed, customer first and last names, and callerID information.

2.  There exists a split of authority in certain states as to what a Court's order compelling protected information should include; however, case law indicates that a Court's order should consider how to protect those interests and the interests of the party producing the information.  *See Tech v. U.S.*, 284 F.R.D. 192, 202 (M.D. Pa. 2012) (observing that courts should evaluate discovery requests considering citizens' privacy rights and the producing party's potential liability under state privacy laws).

3.     To further protect customer privacy interests and Defendant's act of producing customer data in response to the Order, Defendant respectfully requests this Court to add the following language to the Order (additions underlined):

Judge Denise J. Casper: ELECTRONIC ORDER entered. re [97],[136]: Having considered Defendant's prior motion to set aside the discovery order (D. 97), D. 100-103); Plaintiff's response to same, D. 104, and the supplemental briefing that the Court allowed the parties to submit, D. 137-38, the Court DENIES the motion to set aside the Order, D. 97, to the following extent and directs the parties as follows. Although since the Order was issued by the Court (Kelley, M.J.), the First Circuit has reversed and remanded this Court's granting of summary judgment to Defendant, D. 127, the Plaintiff's need for discovery of call records is still necessary as to her claims and the class certification that she seeks. To the extent that Defendant's supplemental briefing was focused on whether Plaintiff will be able to certify a class here, D. 137 at 4, such arguments are premature given that the Order concerned discovery Plaintiff seeks to file such certification motion. Since the Court agrees that the discovery sought by Plaintiff must not only be relevant to the claims but also "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), the Court orders the parties to confer about the need for the pre-2014 discovery sought, cost of producing same (given Defendant's representations regarding the cost of producing same, D. 137 at 5), whether the request for same can be further narrowed and whether there are alternative means for getting the data that Plaintiff otherwise seeks for the period from July 1, 2012 to 2014. Parties shall confer regarding same by January 9, 2020. If the parties fail to reach agreement regarding this matter, they shall jointly file a notice of same, not to exceed five pages by January 10, 2020. In the interim, Defendant shall proceed with complying with D. 97 as to the discovery ordered for 2014 through September 1, 2017, including, without limitation, producing information about account status, customer account numbers, phone numbers dialed, customer first and last names, and callerID information, and such production shall expressly be made subject to the Court's December 15, 2016 Order approving the parties' Confidentiality Stipulation and Protective Order [D.E. 25].

[intentionally left blank]

2

4.      Plaintiff Robin Breda does not oppose the relief requested herein.

Respectfully submitted,

CELLCO PARTNERSHIP d/b/a VERIZON
WIRELESS,

By its attorneys,

/s/ David G. Thomas
David G. Thomas (BBO # 640854)
Emily H. Bryan (BBO # 687935)
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA  02110
Tel: (617) 310-6000
Fax: (617) 310-6001
thomasda@gtlaw.com
bryane@gtlaw.com


Dated:  February 4, 2020

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent all those non-registered participants on February 4, 2020.


/s/ David G. Thomas