# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

ROBIN BREDA, *on behalf of herself and all others similarly situated*,

     Plaintiff,

v.

CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,

     Defendant.

Civil Action No.   1:16-cv-11512-DJC

## JOINT MOTION FOR ENTRY OF STIPULATION AND FOR TELEPHONIC STATUS CONFERENCE

Plaintiff, Robin Breda ("**Plaintiff**") and Defendant Cellco Partnership d/b/a/ Verizon Wireless ("**Defendant**") (Plaintiff and Defendant collectively, the "**Parties**") respectfully request that the Court enter a Stipulation Regarding Plaintiff's Discovery Requests ("**Stipulation**"), attached hereto as <u>Exhibit A</u>, and, in light of such Stipulation, schedule a telephonic status conference with the Court to discuss a revised case management schedule.  In support of their motion, the Parties state as follows:

1.    On March 24, 2020, the Parties jointly sought a telephonic Rule 16 status conference with the Court to discuss case scheduling in light of the evolving situation regarding COVID-19 as well as Plaintiff's then-pending Motion for Order to Show Cause ("**Show Cause Motion**").  (Dkt. No. 145).

2.    On April 3, 2020, this Court denied the Show Cause Motion.  (Dkt. No. 150). Given its resolution of the Parties' dispute underlying the Show Cause Motion, the Court likewise denied the Parties' joint request for a Rule 16 conference *without prejudice*.  (Dkt. No. 151).  In

1

light of the "timing of certain of the present discovery deadlines and the ongoing pandemic," the Court ordered that the Parties confer and jointly submit a proposed adjustment of the current case deadlines.  *Id.*   The Court stated that it would "consider any such proposal provided that it keeps the September 24, 2020 hearing date in place and any summary judgment/Daubert motions are fully briefed at least 2 weeks before that hearing date."  *Id.*

3.      The Parties have conferred regarding scheduling and, in light of the ongoing pandemic as well as the reasons discussed herein, do not believe the September 24, 2020 hearing date allows the Parties adequate time to complete discovery, including depositions of Defendant and experts, and to fully brief a class certification motion.

4.      On April 24 and 27, 2020, prior to the then-existing discovery deadline, Plaintiff served a second and third set of discovery requests on Defendant ("**Supplemental Discovery Requests**"), to which Defendant objected.   The Parties conferred about the Supplemental Discovery Requests and additional call dialer records ("**Dialer Records**") in the possession of a third party (LiveVox).   The Parties believe the additional Dialer Records will be useful in helping the Parties and the Court assess class certification.   As set forth in the attached Stipulation, in order to avoid a further discovery dispute and further taxing the Court's and Parties' time and resources, the Parties have agreed to suspend Defendant's objections and responses to the Supplemental Discovery Requests pending production of certain Dialer Records from LiveVox.

5.      Since conferring with Plaintiff regarding the Dialer Records, Defendant has been diligently working with LiveVox to determine the most efficient method for collecting the Dialer Records.   However, LiveVox estimates that it will take *a minimum of* two months to collect such data.   Thereafter, as set forth in the attached Stipulation, Plaintiff and her expert will require time

2

to review and analyze the information produced.   Plaintiff will then determine if she will reinstate the Supplemental Discovery Requests.

WHEREFORE, given the uncertainty surrounding COVID-19 and the timing of LiveVox's production of data, the Parties respectfully request that the Court (i) enter the attached Stipulation, and (ii) schedule a telephonic status conference with the Court to discuss: (a) a revised case management schedule for this proceeding, and (b) any other matter the Court deems appropriate.

Dated: May 29, 2020


Respectfully Submitted,

| | |
|---|---|
| ROBIN BREDA, | CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, |
| By her attorneys, | By its attorneys, |
| /s/ Keith J. Keogh | /s/ David G. Thomas |
| Keith J. Keogh (Pro Hac Vice) | David G. Thomas (BBO # 640854) |
| Ill. Bar No. 6257811IL | Emily H. Bryan (BBO # 687935) |
| Keogh Law, Ltd. | Greenberg Traurig, LLP |
| 55 W. Monroe St., Suite 3390 | One International Place, 20th Floor |
| Chicago, Illinois    60603 | Boston, MA   02110 |
| 312.726.1092 (office) | Tel:   (617) 310-6000 |
| 312.726.1093 (fax) | Fax:   (617) 310-6001 |
| keith@keoghlaw.com | thomasda@gtlaw.com |
| | bryane@gtlaw.com |
| Sergei Lemberg, Ct. Bar No. 25027CT | |
| Lemberg Law LLC | |
| 43 Danbury Road | |
| Wilton, CT 06897 | |
| 203.653.2250 x5500 (office) | |
| 203.653.3425 (fax) | |
| slemberg@lemberglaw.com | |
| *Attorneys for Plaintiffs* | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent all those non-registered participants on May 29, 2020.

/s/ David G. Thomas