# **EXHIBIT 1**

| | |
|---|---|
| **From:** | Bryan, Emily (Assoc-Bos-LT) |
| **Sent:** | Sunday, June 14, 2020 1:24 PM |
| **To:** | Thomas, David G. (Shld-Bos-LT); Keith J. Keogh |
| **Cc:** | slemberg@lemberglaw.com |
| **Subject:** | RE: Breda/LiveVox Dialer Records, Schedule, etc. |
| **Attachments:** | 25756678_v 1_102 -- Declaration of Laurence Siegel.PDF |

Keith,

Attached please find the declaration referenced in Dave's email below in case you did not have it handy.  Please advise how you would like to proceed.

Best,
Emily

---

**From:** Thomas, David G. (Shld-Bos-LT)
**Sent:** Thursday, June 11, 2020 1:24 PM
**To:** Keith J. Keogh <keith@keoghlaw.com>; Bryan, Emily (Assoc-Bos-LT) <bryane@gtlaw.com>
**Cc:** slemberg@lemberglaw.com
**Subject:** RE: Breda/LiveVox Dialer Records, Schedule, etc.

Keith,

It is consistent with our stipulation and our discussion.  We can only agree to what LiveVox has told us they can do.  We are basing the proposed schedule on the history we have had with LiveVox in this case for years - see their declarations.  It is not plug and play as you state.   We aren't making this up.  If you pull out of our stipulation, the one we filed with the Court and indicated that both parties came to an agreement to make this process more efficient, we will object to your additional discovery requests if you press them now or as they are totally inconsistent with what you told the Court you needed for your expert a long time ago.  In light of the Court's denial of your last motion, pulling out of the stip and engaging in motion practice does not seem prudent.  If you want more time to assess the LiveVox data to determine if you need more discovery, that is fine.  If you want to do make that determination again after getting account remarks, that's fine too.  If you want to put in a clause that we will produce dialer data sooner if we are able, that's fine too, but we don't want to pick a date that we won't be able to meet and have to go back to the Court again for more time.  Please suggest new dates as to your review and determination about additional discovery and make any other proposed edits to the schedule you want us to consider.  This will be the most efficient way for you to get the data you want and at the least cost for the parties.

Sincerely,

David

-------- Original message --------
From: "Keith J. Keogh" <keith@keoghlaw.com>
Date: 6/11/20 1:04 PM (GMT-05:00)
To: "Bryan, Emily (Assoc-Bos-LT)" <bryane@gtlaw.com>, "Thomas, David G. (Shld-Bos-LT)" <ThomasDa@GTLAW.com>
Cc: slemberg@lemberglaw.com
Subject: RE: Breda/LiveVox Dialer Records, Schedule, etc.

1

Your schedule is not what we discussed or agreed to.

First, there is no way it will take until August for Livevox to produce the data. That is also inconsistent from our call last month.

Also, do you really think it's reasonable to give us a whole 7 days to have an expert analyze the discovery to determine if we need to move forward with the additional discovery?

Along that line, how can we determine if we need the discovery if you won't even produce the account remarks for two months after you produce the dialer records. In addition, this is inconsistent with the stipulation that you would be producing it with the dialer records.

It seems to me that we should just move forward with discovery and I'll subpoena Livevox for the dialer records. They can explain to the judge why it will take so long when I have numerous depositions where companies testify that Livevox can produce dialer reports within days and LiveVox has repeatedly told me that there is no need to subpoena it as its clients have access to the dial records via LiveVox's portal. I also have examples from those cases illustrating how long it took to produce dialer records once ordered.

We should also set Verizon's deposition as that will make much of the database issues clearer.

So please advise on a date you will comply with the outstanding discovery and a date for deposition.

Once we have those dates, we can file a report with the court setting forth a schedule.


```
Keith J. Keogh
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, Il 60603
312.374.3403 (Direct)
312.726.1092 (Main)
312.726.1093 (Fax)
```
Keith@KeoghLaw.com
www.KeoghLaw.com

---

**From:** bryane@gtlaw.com <bryane@gtlaw.com>
**Sent:** Thursday, June 11, 2020 9:32 AM
**To:** Keith J. Keogh <keith@keoghlaw.com>; ThomasDa@GTLAW.com
**Cc:** slemberg@lemberglaw.com
**Subject:** RE: Breda/LiveVox Dialer Records, Schedule, etc.

Keith,

Please let us know if you have any comments on the attached proposal.

Thanks,
Emily

---

**From:** Bryan, Emily (Assoc-Bos-LT)
**Sent:** Wednesday, June 10, 2020 12:22 PM

2

**To:** 'Keith J. Keogh' <keith@keoghlaw.com>; Thomas, David G. (Shld-Bos-LT) <ThomasDa@GTLAW.com>
**Cc:** slemberg@lemberglaw.com
**Subject:** RE: Breda/LiveVox Dialer Records, Schedule, etc.

Hi Keith,

We have been working with LiveVox to get a better sense of timing.  Our expectation is that we will have a proposed schedule to you this afternoon or early tomorrow.

Thanks,
Emily

---

**From:** Keith J. Keogh <keith@keoghlaw.com>
**Sent:** Wednesday, June 10, 2020 12:01 PM
**To:** Thomas, David G. (Shld-Bos-LT) <ThomasDa@GTLAW.com>; Bryan, Emily (Assoc-Bos-LT) <bryane@gtlaw.com>
**Cc:** slemberg@lemberglaw.com
**Subject:** RE: Breda/LiveVox Dialer Records, Schedule, etc.

Hello

Just following up on this.  Just let me know.


```
Keith J. Keogh
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, Il 60603
312.374.3403 (Direct)
312.726.1092 (Main)
312.726.1093 (Fax)
Keith@KeoghLaw.com
www.KeoghLaw.com
```

**From:** Keith J. Keogh
**Sent:** Friday, June 5, 2020 10:56 AM
**To:** ThomasDa@GTLAW.com; bryane@gtlaw.com
**Cc:** slemberg@lemberglaw.com
**Subject:** RE: Breda/LiveVox Dialer Records, Schedule, etc.

Do you have an update so we can advise the court on dates?


```
Keith J. Keogh
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, Il 60603
312.374.3403 (Direct)
312.726.1092 (Main)
312.726.1093 (Fax)
```

3

Keith@KeoghLaw.com
www.KeoghLaw.com

---

**From:** ThomasDa@GTLAW.com <ThomasDa@GTLAW.com>
**Sent:** Friday, May 29, 2020 8:15 AM
**To:** Keith J. Keogh <keith@keoghlaw.com>; bryane@gtlaw.com
**Cc:** slemberg@lemberglaw.com
**Subject:** RE: Breda/LiveVox Dialer Records, Schedule, etc.

Thanks Keith.  Will do.

---

**From:** Keith J. Keogh <keith@keoghlaw.com>
**Sent:** Friday, May 29, 2020 8:58 AM
**To:** Thomas, David G. (Shld-Bos-LT) <ThomasDa@GTLAW.com>; Bryan, Emily (Assoc-Bos-LT) <bryane@gtlaw.com>
**Cc:** slemberg@lemberglaw.com
**Subject:** Re: Breda/LiveVox Dialer Records, Schedule, etc.

You have my consent to file.  Thanks.

Keith J. Keogh
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, Il 60603
312.374.3403(Direct)
312.726.1092 (Main)
312.726.1093 (Fax)
Keith@KeoghLaw.com
www.KeoghLaw.com

---

**From:** "ThomasDa@GTLAW.com" <ThomasDa@GTLAW.com>
**Date:** Friday, May 29, 2020 at 7:54 AM
**To:** "bryane@gtlaw.com" <bryane@gtlaw.com>, Keith Keogh <keith@keoghlaw.com>
**Cc:** Sergei Lemberg <slemberg@lemberglaw.com>
**Subject:** RE: Breda/LiveVox Dialer Records, Schedule, etc.



Keith – do we have your assent to sign the stipulation and joint motion so that we can get this on file today?    Would rather have a "May" filing than a "June" filing – just optics I supposed.

---

**From:** Bryan, Emily (Assoc-Bos-LT)
**Sent:** Thursday, May 28, 2020 7:30 PM

**To:** Keith J. Keogh <keith@keoghlaw.com>; Thomas, David G. (Shld-Bos-LT) <ThomasDa@GTLAW.com>
**Cc:** slemberg@lemberglaw.com
**Subject:** RE: Breda/LiveVox Dialer Records, Schedule, etc.

Thanks, Keith.  None of the District of Mass standing orders regarding corona virus extend the deadlines in civil cases generally.

Do you have any further comments on the stipulation?  If not, we will get the joint motion and proposed stipulation on file tomorrow.

Thanks,
Emily

**From:** Keith J. Keogh <keith@keoghlaw.com>
**Sent:** Thursday, May 28, 2020 3:02 PM
**To:** Bryan, Emily (Assoc-Bos-LT) <bryane@gtlaw.com>; Thomas, David G. (Shld-Bos-LT) <ThomasDa@GTLAW.com>
**Cc:** slemberg@lemberglaw.com
**Subject:** RE: Breda/LiveVox Dialer Records, Schedule, etc.

Its fine, but can you reference any local court Covid Orders re extensions to support it?

```
Keith J. Keogh
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, Il 60603
312.374.3403 (Direct)
312.726.1092 (Main)
312.726.1093 (Fax)
Keith@KeoghLaw.com
www.KeoghLaw.com
```

**From:** bryane@gtlaw.com <bryane@gtlaw.com>
**Sent:** Wednesday, May 27, 2020 10:22 AM
**To:** ThomasDa@GTLAW.com; Keith J. Keogh <keith@keoghlaw.com>
**Cc:** slemberg@lemberglaw.com
**Subject:** RE: Breda/LiveVox Dialer Records, Schedule, etc.

Keith,

A proposed joint motion is attached for review.

Best,
Emily

**From:** Thomas, David G. (Shld-Bos-LT)
**Sent:** Wednesday, May 27, 2020 11:15 AM
**To:** Keith J. Keogh <keith@keoghlaw.com>; Bryan, Emily (Assoc-Bos-LT) <bryane@gtlaw.com>
**Cc:** slemberg@lemberglaw.com
**Subject:** RE: Breda/LiveVox Dialer Records, Schedule, etc.

5

Will do today.

---

**From:** Keith J. Keogh <keith@keoghlaw.com>
**Sent:** Wednesday, May 27, 2020 11:14 AM
**To:** Thomas, David G. (Shld-Bos-LT) <ThomasDa@GTLAW.com>; Bryan, Emily (Assoc-Bos-LT) <bryane@gtlaw.com>
**Cc:** slemberg@lemberglaw.com
**Subject:** RE: Breda/LiveVox Dialer Records, Schedule, etc.

Please forward the motion so we can review.


```
Keith J. Keogh
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, Il 60603
312.374.3403 (Direct)
312.726.1092 (Main)
312.726.1093 (Fax)
Keith@KeoghLaw.com
www.KeoghLaw.com
```

---

**From:** ThomasDa@GTLAW.com <ThomasDa@GTLAW.com>
**Sent:** Friday, May 22, 2020 2:29 PM
**To:** Keith J. Keogh <keith@keoghlaw.com>; bryane@gtlaw.com
**Cc:** slemberg@lemberglaw.com
**Subject:** RE: Breda/LiveVox Dialer Records, Schedule, etc.

We have not drafted it yet.  We will draft it assuming our stipulation is amenable to Sergei.


-------- Original message --------
From: "Keith J. Keogh" <keith@keoghlaw.com>
Date: 5/22/20 3:19 PM (GMT-05:00)
To: "Thomas, David G. (Shld-Bos-LT)" <ThomasDa@GTLAW.com>, "Bryan, Emily (Assoc-Bos-LT)" <bryane@gtlaw.com>
Cc: slemberg@lemberglaw.com
Subject: RE: Breda/LiveVox Dialer Records, Schedule, etc.



Please forward the motion.  I still need to discuss with Sergei.


```
Keith J. Keogh
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, Il 60603
312.374.3403 (Direct)
312.726.1092 (Main)
312.726.1093 (Fax)
Keith@KeoghLaw.com
www.KeoghLaw.com
```

**From:** ThomasDa@GTLAW.com <ThomasDa@GTLAW.com>
**Sent:** Friday, May 22, 2020 1:29 PM
**To:** bryane@gtlaw.com; Keith J. Keogh <keith@keoghlaw.com>
**Cc:** slemberg@lemberglaw.com
**Subject:** RE: Breda/LiveVox Dialer Records, Schedule, etc.

Thanks Emily.

Keith – please confirm that the revised version works for you and we will then draft a joint motion to extend the deadlines for your review.

**From:** Bryan, Emily (Assoc-Bos-LT)
**Sent:** Friday, May 22, 2020 1:50 PM
**To:** Thomas, David G. (Shld-Bos-LT) <ThomasDa@GTLAW.com>; Keith J. Keogh <keith@keoghlaw.com>
**Cc:** slemberg@lemberglaw.com
**Subject:** RE: Breda/LiveVox Dialer Records, Schedule, etc.

Keith,

A revised draft with redlines is attached.

Best,
Emily

**From:** Thomas, David G. (Shld-Bos-LT)
**Sent:** Friday, May 22, 2020 1:38 PM
**To:** Keith J. Keogh <keith@keoghlaw.com>
**Cc:** Bryan, Emily (Assoc-Bos-LT) <bryane@gtlaw.com>; slemberg@lemberglaw.com
**Subject:** RE: Breda/LiveVox Dialer Records, Schedule, etc.

Okay.  We will revise and also note that we are reserving our objections and that if, post production, you want to move forward with the requests, you will give us written notice and we will have 10 days to object/respond.  Emily will circulate a revised draft.  Thanks.

**From:** Keith J. Keogh <keith@keoghlaw.com>
**Sent:** Friday, May 22, 2020 1:29 PM
**To:** Thomas, David G. (Shld-Bos-LT) <ThomasDa@GTLAW.com>

**Cc:** Bryan, Emily (Assoc-Bos-LT) <bryane@gtlaw.com>; slemberg@lemberglaw.com
**Subject:** RE: Breda/LiveVox Dialer Records, Schedule, etc.

**\*EXTERNAL TO GT\***

David,

The stip should provide that the pending discovery is stayed pending the production.  I'm not willing to withdraw it until I see what is produced.

We both agree that if its produced as represented, we don't need the pending discovery.


```
Keith J. Keogh
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, Il 60603
312.374.3403 (Direct)
312.726.1092 (Main)
312.726.1093 (Fax)
Keith@KeoghLaw.com
www.KeoghLaw.com
```

---

**From:** ThomasDa@GTLAW.com <ThomasDa@GTLAW.com>
**Sent:** Wednesday, May 20, 2020 4:33 PM
**To:** Keith J. Keogh <keith@keoghlaw.com>
**Cc:** bryane@gtlaw.com; slemberg@lemberglaw.com
**Subject:** Breda/LiveVox Dialer Records, Schedule, etc.

Keith,

LiveVox should be able to start generating the Dialer Records *next* week and will be able to provide us with a rolling production.  They will not have a definitive answer on how long it will take to get all of the Dialer Records until they generate and produce the first month of records.  They will then know the run and download time associated with getting the records.  After that, with some rudimentary math, they should be able to give us an end date for the full production.

We should get something filed with the Court sooner than later.  Here is a suggestion:

1. We deal with the discovery requests and LiveVox Dialer Records (and searching Verizon's Account Remarks) via the draft stipulation attached.  This will prevent further motion practice as discussed during our last call.

2. We file a motion with the Court in response to the Court's last order and graciously ask for additional time.  We can explain our stipulation and the timing, much of which is beyond both parties' control as the vast majority of data is in the possession of LiveVox, a third party.  We should get this drafted so that we can plug in LiveVox's end-date number when we get it.  Also, we can explain that after the process of briefing the motion to show cause and the Court's decision, we conferred about subsequent call data and the additional discovery requests and believe that a more fulsome production of the LiveVox Dialer Records is what the parties and the court need to assess the class certification issue.  This of course will push off the deposition and briefing schedule, but I think we really have a good faith basis for doing so under the

circumstances. Also, the current schedule is not feasible considering COVID-19 and the state of emergency and I think we should mention this too in our motion.

Let us know what you think.

Sincerely,

David

**David G. Thomas**
Shareholder

Greenberg Traurig, LLP
One International Place | Suite 2000 | Boston, MA 02110
T +1 617.310.6040 | F +1 617.897.0940 | C +1 781.267.9614
ThomasDa@GTLAW.com | www.gtlaw.com | View GT Biography

GT GreenbergTraurig

**Greenberg Traurig's Health Emergency Preparedness Task Force**
is a dedicated resource for clients facing the impact of COVID-19.
Click here to access the latest legal updates.

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

This email has been scanned for spam and viruses. Click here to report this email as spam.

This email has been scanned for spam and viruses. Click here to report this email as spam.

This email has been scanned for spam and viruses. Click here to report this email as spam.

This email has been scanned for spam and viruses. Click here to report this email as spam.

This email has been scanned for spam and viruses. Click here to report this email as spam.

This email has been scanned for spam and viruses. Click here to report this email as spam.

This email has been scanned for spam and viruses. Click here to report this email as spam.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBIN BREDA, *on behalf of herself and all others similarly situated*,

Plaintiff,

v.

CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,

Defendant.

Civil Action No. 1:16-cv-11512-DJC

## DECLARATION OF LAURENCE SIEGEL

I, Laurence Siegel, declare under penalty of perjury that the following statements are true and correct to the best of my knowledge and belief:

1. My name is Laurence Siegel. I am over the age of 18 and am otherwise competent to offer the testimony contained in this Declaration.

2. I am a co-founder of non-party LiveVox, Inc. and have worked there since 2000. My current position with LiveVox is Executive Vice President of Product Development. LiveVox is not a party to this action.

3. I am submitting this declaration in support of Verizon Wireless's Emergency Motion To (1) Set Aside Discovery Order Or (2) In The Alternative, Stay This Proceeding Pending A Ruling On Defendant's Dispositive Motions And Schedule A Fed. R. Civ. P 16 Conference If Motions Are Denied. The information contained in this Declaration is based upon my personal knowledge gained through my employment with LiveVox, as well as my familiarity with certain records that LiveVox maintains on behalf of Verizon Wireless.

1644389.5

1

4. I understand that the Plaintiff in this case has requested that Verizon Wireless produce records relating to certain outgoing calls made by Verizon to customers whose service is at risk of being terminated due to non-payment. I further understand that Plaintiff has requested records dating back to 2012.

5. LiveVox maintains databases containing call records for all of LiveVox's customers. Included in those databases are records relating to all automated calls made by Verizon Wireless using one of LiveVox's outbound dialing systems, including calls to customers whose service is at risk of being terminated due to non-payment. The databases are not dedicated to any particular LiveVox customer, and thus the call records for the calls made by Verizon Wireless are not segregated into a dedicated database. The call records can be retrieved, however, using certain search parameters. Each record of a call made by Verizon Wireless includes, among other pieces of information, the date and time the call was made, the phone number called, the Verizon Wireless customer identification number, and the outcome of the call. I understand generally that for calls relevant to this action made by Verizon Wireless using LiveVox's automated outbound dialing system, if a call was connected, the technology required the called party to press "1" (indicating that they are the correct party Verizon is trying to reach) or press "2" (indicating they are the wrong party). If the call was connected and the customer pressed "1" or "2" in response to the call, the call records maintained by LiveVox will show whether the customer pressed "1" or "2". In each instance when a caller pressed "2" I understand generally that the caller would have been directed to a live representative of Verizon Wireless. I understand that Verizon Wireless itself does not have any log or listing that indicates the key press on any of its internal databases and relies on LiveVox to store those call records with the key press indicated.

1644389.5

2

6. LiveVox's database does not contain any notes and comments, if any, made by Verizon Wireless agents who may speak with answering parties. I understand that Verizon Wireless has a database that tracks such information.

7. Generally, call records for the most recent twenty-four (24) months ("Active Call Records") are reasonably accessible and can be easily retrieved by LiveVox or Verizon Wireless from LiveVox's databases through phone lookup reports for calls made *to a single phone number or to a small number of phone numbers*. Retrieving call records for *all* calls made by Verizon Wireless during a particular month requires a different and more technologically involved search protocol, and thus requires a substantially larger amount of time and human effort, even for Active Call Records.

8. Call records older than twenty-four months ("Historical Call Records") are routinely archived on a monthly basis across LiveVox's platform and for all of LiveVox's customers as part of LiveVox's normal business practices. As a result, these call records cannot be accessed through phone lookup reports. The archived files must be manually restored before they can be searched.

9. The process of searching Historical Call Records for all calls made by Verizon Wireless for a particular time period is a time-intensive, multi-step endeavor, requiring LiveVox personnel to decompress and process archived materials, conduct the actual searches requested, process the results, and review those results to ensure proper formatting, adherence to search criteria, and remediation of any issues that may have surfaced in the process of gathering the data. In short, it is a substantially burdensome process that requires a significant amount of work by LiveVox employees who work in database administration.

10. LiveVox has provided Verizon with Historical Call Record data for January 2014 through mid-2017. As noted above, the process of searching the Active Call Records was itself substantially burdensome. But providing call records for the 2014 period, which consisted of Historical Call Records, imposed a tremendous burden on LiveVox and took hundreds of hours to complete.

11. I now understand that Plaintiff in this case has requested that Verizon provide data for the 2012 and 2013 period. Based on the time required to pull the 2014 data, I estimate that 1,400 hours of LiveVox database administrator time would be required to pull the requested Verizon Wireless Historical Call Records for the 2012-2013 period. This estimate could change depending on the volume of data to be searched, resource availability, other ongoing demands on the servers, and the possibility of unforeseen obstacles such as corrupted data, a defect in the search results, or other potential system issues.

12. Once LiveVox completes its search and processing of the results, the files must be transferred to Verizon Wireless via secure file transfer protocol. Verizon Wireless would then have to search the call records provided by LiveVox for any notes or comments that would indicate that the calls are relevant to this action. I expect that, because of LiveVox's normal business requirements, LiveVox would only be able to dedicate one database administrator at any given time to extract the Historical Call Records for the 2012-13 period.

13. In the ordinary course of its business, LiveVox generally does not charge its customers for data requests involving Active Call Records, particularly where those requests involve calls to a defined set of phone numbers or are otherwise reasonably limited. Because of the complexity associated with Historical Call Records and the related burden, however, in the ordinary course of its business LiveVox always bills its customers for the time spent on searches

involving Historical Call Records at the standard professional services rate applicable to database administrators: $200 per hour.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 13th day of September, 2017.

_____
Laurence Siegel

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent all those non-registered participants on September 13, 2017.

                                         /s/ David G. Thomas