## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBIN BREDA, *on behalf of herself and all others similarly situated*,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>　　　　Defendant. | **Civil Action No.  1:16-cv-11512-DJC** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### INTRODUCTION

Plaintiff Robin Breda ("**Plaintiff**") brings claims against Cellco Partnership d/b/a Verizon Wireless ("**Verizon**") seeking damages arising from alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("**TCPA**").  Plaintiff bases her TCPA claims on Verizon's alleged violation of the TCPA's "automated-call ban" provision, *i.e.*, the TCPA's prohibition against using an "automatic telephone dialing system" ("**ATDS**") to make calls to cellular telephone numbers without consent.  Plaintiff's alleged TCPA violations, however, all occurred when the automated-call ban was unconstitutional as so declared by the Supreme Court in *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020) ("**AAPC**").  Specifically, in *AAPC*, the Supreme Court held that the TCPA's automated-call ban was unconstitutional from November 2, 2015 through July 6, 2020 (the dates on which the unconstitutional aspect of the automated-call ban was enacted by Congress and prospectively severed by the Supreme Court, respectively).  This Court lacks subject matter jurisdiction to adjudicate alleged violations of unconstitutional laws as those laws are void and cannot be

enforced.   Consequently, this Court must dismiss this proceeding pursuant to Federal Rule of Civil Procedure 12(b)(1).

**RELEVANT FACTS**

Plaintiff claims that Verizon violated the TCPA's automated-call ban by calling her cellular telephone using an "ATDS" as defined by the TCPA.[1] The alleged violations arose from calls made to Plaintiff during the period of May 5, 2016 to July 11, 2016, all of which were made during the period in which *AAPC* determined that the TCPA's automated-call ban was unconstitutional.[2]

**ARGUMENT**

## I.    RELEVANT LEGAL STANDARDS.

The Federal Rules of Civil Procedure allow a party to seek dismissal of any claim for which a court lacks jurisdiction over the subject matter.[3] The *non-moving* party asserting the challenged claim bears the burden of proving that jurisdiction exists.[4] In cases where the challenge is to the actual fact of the Court's jurisdiction (a "factual attack" as opposed to a "facial attack"), a court may look beyond the pleadings to determine its jurisdiction and "no presumptive truthfulness applies to the factual allegations."[5]

---

[1] *See* Compl. ¶¶ 1-2, 9-15. 32-36.

[2] *See* Declaration of Emily H. Bryan, Esq., dated November 13, 2020, ¶ 2 & Exhibit A, 49:9-22; 70:7-73:8 and Ex. 1 attached thereto (enclosing Plaintiff's deposition transcript and Ex. 1 to Plaintiff's deposition).

[3] *See* FED. R. CIV. P. 12(b)(1); *see Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("Subject-matter jurisdiction . . . functions as a restriction on federal power, and contributes to the characterization of the federal sovereign.").

[4] *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103-04 (1998); *1610 Corp. v. Kemp*, 753 F. Supp. 1026, 1028 (D. Mass. 1991).

[5] *See Kemp*, 753 F. Supp. at 1028-29; *see also Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) ("[W]hen a court reviews a complaint under a *factual* attack, as here, no presumptive truthfulness applies to the factual allegations.") (emphasis in original).

II.   **PLAINTIFF'S CLAIMS ARISE OUT OF TELEPHONE CALLS MADE WHILE THE TCPA'S AUTOMATED-CALL BAN WAS UNCONSTITUTIONAL AND, THEREFORE, MUST BE DISMISSED.**

A.   **The TCPA's Automated-Call Ban Was Unconstitutional from November 2, 2015 to July 6, 2020.**

On July 6, 2020, in a plurality opinion, a majority of the Justices of the Supreme Court determined that the TCPA's automated-call ban was an unconstitutional content-based restriction when combined with the so-called "government-debt exception."[6] That exception exempted calls made to collect debts owed to or guaranteed by the federal government from the TCPA's automated-call ban.[7] In *AAPC*, after subjecting the government-debt exception to strict scrutiny, the Supreme Court ruled that the exception "impermissibly favored debt-collection speech over political and other speech, in violation of the First Amendment."[8] Instead of nullifying the entire TCPA, the Supreme Court severed the government-debt exception from the automated-call ban *prospectively*.[9]   Therefore, the automated-call ban was unconstitutional from the enactment of the government-debt exception by Congress on November 2, 2015 until the Supreme Court severed it from the automated-call ban on July 6, 2020.   *AAPC's* holding is precedential and binding on this Court because six Justices agreed with it.

---

[6] *See AAPC*, 140 S. Ct. 2346 ("The initial First Amendment question is whether the robocall restriction, with the government-debt exception, is content-based.  The answer is yes."); 2347-48 & 2352 ("Enacted in 2015, the government-debt exception added an unconstitutional discriminatory exception to the robocall restriction.").

[7] *See AAPC*, 140 S. Ct. 2344.

[8] *See id.* at 2343.

[9] *See id.* at 2343 & 2352-54; *see also*, *Arthrex, Inc. v. Smith & Nephew, Inc.*, 953 F.3d 760, 767 n. 2 (Fed. Cir. 2020) (denial of petition for *en banc* review) ("judicial severance of one portion of an unconstitutional statute is, by necessity, only applicable prospectively") (O'Malley, J. concurring); *Lindenbaum v. Realgy, LLC*, No. 1:19 CV 2862, 2020 WL 6361915, at *2-3 (N.D. Ohio Oct. 29, 2020).

**B.      This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims Because They Arise Out of Calls Made When the Automated-Call Ban Was Unconstitutional.**

The Supreme Court has long held that "if the laws are unconstitutional and void, the [federal court has] no jurisdiction of the causes."[10] An unconstitutional law is void and does not bestow jurisdiction on a court to adjudicate claims thereunder.[11]  Stated another way, once a statute has been declared unconstitutional, "the federal courts thereafter have no jurisdiction over alleged violations[.]"[12] Here, all of the calls underlying Plaintiff's claims occurred in May and July 2016.[13] Therefore, Plaintiff's claims are based on automated calls made to her *during the time* the automated-call ban was unconstitutional, which is the operative time to assess Plaintiff's claims.[14] Plaintiff may not prevail on claims arising out of an unconstitutional law.  Nor may this Court provide Plaintiff a remedy for any violations of that law.  Accordingly, Plaintiff's claims are not justiciable and this Court lacks subject matter jurisdiction over them and must dismiss this case.

---

[10] *Ex parte Siebold*, 100 U.S. 371, 376-77 (1879) ("An unconstitutional law is void, and is as no law"); *Marbury v. Madison*, 5 U.S. 137, 138 (1803) ("An  act of congress repugnant to the constitution cannot become a law."); *see also*, *United States v. Baucum*, 80 F.3d 593, 540-41 (D.C. Cir. 1996) ("It is true that once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)[.]").

[11] *See Siebold*, 100 U.S. at 376-77; *Montgomery v. Louisiana*, 136 S. Ct. 718, 724 (2016) (relying on *Siebold*).

[12] *See Baucum*, 80 F.3d at 540-41.

[13] *See* RELEVANT FACTS, supra.

[14] *See Grayned v. City of Rockford*, 408 U.S. 104, 107 n. 2 (1972) (violations of an unconstitutional law must be considered according to "the facial constitutionality" of the law "in effect when [the defendant] was arrested and convicted."); *Montgomery v. Louisiana*, 136 S. Ct. 718, 731 (2016) (where the Supreme Court explained that "[a] penalty imposed pursuant to an unconstitutional law" was void regardless of the timing of the penalty and that "[t]o conclude otherwise would undercut the Constitution's substantive guarantees."); *Creasy v. Charter Communications, Inc.,* No. 20-1199, 2020 WL 5761117, at *6 (E.D. La. Sept. 28, 2020) ("In any event, the unconstitutional *amended* version of § 227(b)(1)(A)(iii) is what applied to Charter at the time of the challenged communications at issue, and that fact deprives the Court of subject matter jurisdiction to adjudicate Charter's liability with regard to such communications.").

Since the Supreme Court decided *AAPC*, two district courts have come to the same conclusion.  Specifically, on September 28, 2020, in *Creasy v. Charter Communications, Inc.* ("***Creasy***"), the District Court for the Eastern District of Louisiana determined that—during the period when the unconstitutional government-debt exception was in force—"the *entirety* of the [automated-call ban] was, indeed, unconstitutional" and "[t]hat fact deprives the Court of jurisdiction" over claims during that period.[15]  Then, on October 29, 2020, in *Lindenbaum v. Realgy, LLC* ("***Lindenbaum***"), the District Court for the Northern District of Ohio determined that "severance of the government debt exception applies only prospectively" and, accordingly, dismissed a TCPA automated-call ban putative class action complaint for want of subject matter jurisdiction.[16]   *AAPC* and these two district court decisions compel the same result here.

In *Creasy*, the plaintiffs alleged that a cable company violated the TCPA's automated-call ban by transmitting autodialed calls and texts to plaintiffs, all but one of which was alleged to have occurred during the period in which the government-debt exception remained operative.[17]  The district court admitted that "precious little" was said in *AAPC* on the issue of the constitutionality of automated-call ban cases during the existence of the unconstitutional government-debt exception, and, in what little "nonbinding dicta" commented on the issue, "the Court offered a pair of squarely contradictory answers."[18]  Placed in the "an uncomfortable position" with "little more to guide it than passing Supreme Court dicta of no precedential force," the *Creasy* court sided with Justice Gorsuch's argument that the entire automated-call ban should be unconstitutional and

---

[15] *See* No. 20-1199, 2020 WL 5761117, at *2, 6 (E.D. La. Sept. 28, 2020) (emphasis in original).

[16] *See* No. 1:19 CV 2862, 2020 WL 6361915, at *3 (N.D. Ohio Oct. 29, 2020).

[17] *See Creasy*, at *2.

[18] *See id.*

unenforceable *during the period* of the government-debt exception.[19] The *Creasy* court embraced this argument as "the better argument as a matter of law and logic."[20]

The *Creasy* court reached this conclusion beginning with "the timeless principle" that an "unconstitutional law is void, and is as no law."[21] That is the same principle that compels dismissal of the Plaintiff's claims against Verizon, as set forth above.  Applying this principle, the *Creasy* court stated that "in the vast run of scenarios—a  speaker should not be punished for engaging in speech that was restricted in an unconstitutional fashion."[22] After extensively examining the plurality opinion in *AAPC*, the *Creasy* court determined that the *entirety* of the automated-call ban was unconstitutional because "it *itself* was repugnant to the Constitution before the Supreme Court restored it to constitutional health in *AAPC*."[23]

Finally, the district court stated that the severance of the government-debt exception in *AAPC* functioned as a "remedy" for the wrong experienced by the defendant "and all other robocallers (or would-be robocallers) whose constitutionally protected speech was outlawed" by an unconstitutional content-based restriction.[24] Indeed, if *AAPC* does not protect alleged TCPA violators from liability during the period of the unconstitutionality of the TCPA, the severance of the government-debt exception would not actually remedy the wrong experienced by those whose speech had been unlawfully restrained.[25] The district court accordingly held that an unconstitutional version of the TCPA applied to the defendant at the time of the alleged violations,

---

[19] *See Creasy*, at *2-4 & nn. 2, 4.

[20] *See Creasy*, at *2.

[21] *See id.* at *3 (and cases cited therein).

[22] *See id*.

[23] *See id.* at *5 (emphasis in original).

[24] *See id.* at *6.

[25] *See id*.

which deprived the court of its subject matter jurisdiction to adjudicate the plaintiffs' claims during that period.[26]

The *Lindenbaum* court recently reached the same conclusion, dismissing the plaintiff's claims for want of subject matter jurisdiction.[27] When addressing the impact of the *AAPC's* prospective severance of the government-debt exception from the TCPA, the *Lindenbaum* court determined that, in cases like *AAPC*, the severance could *only* operate prospectively so that the defendants had "a right to be free from punishment for speaking during a time when an unconstitutional content-based restriction existed."[28] Indeed, the district court found "little, if any, support for the conclusion that severance of the government-debt exception should be applied retroactively so as to erase the existence of the exception."[29] Stated another way, *AAPC's* severance cannot cure the unconstitutionality of the TCPA *retroactively*. As explained succinctly by the *Lindenbaum* court:

> The Court cannot wave a magic wand and make that constitutional violation disappear. Because the statute at issue was unconstitutional at the time of the alleged violations, this Court lacks jurisdiction over this matter. [30]

This Court should follow *Creasy* and *Lindenbaum*. The Supreme Court's holding and declaration in *AAPC* that the TCPA's automated-call ban was unconstitutional during the period from November 2, 2015 to July 6, 2020 is binding on this Court. So too is the prospective nature of the Supreme Court's severance of the unconstitutional aspect of the automated-call ban. No wave of a magic wand can change that—no matter how much Plaintiff may protest. As such, the

---

[26] *See id.*

[27] *See Lindenbaum*, at *7.

[28] *See id.* at *2-3 & 5- 6 (*citing Arthrex v. Smith & Nephew, Inc.*, 953 F.3d 760, 766-67 (Fed. Cir. 2019)).

[29] *See id.* at *5.

[30] *See id.* at *7.

automated-call ban was void during that period of time and cannot now be enforced against Verizon.  As all of Plaintiff's claims arise from calls made during that unconstitutional and void period, this Court lacks subject matter jurisdiction to adjudicate those claims.  Therefore, this Court must dismiss the Plaintiff's claims and proceed no further.

### C.    The Nonbinding *Obiter Dicta* by Three Justices in *AAPC* Does Not Preserve Plaintiff's Claims.

Verizon anticipates that Plaintiff will attempt to rely on nonbinding *obiter dicta* by three-Justices in *AAPC* to avoid dismissal; however, Plaintiff will find no safe harbor there.  Specifically, speaking for three justices in *AAPC*, Justice Kavanaugh stated in a footnote as follows:

> As the Government acknowledges, although our decision means the end of the government-debt exception, no one should be penalized or held liable for making robocalls to collect government debt after the effective date of the 2015 government-debt exception and before the entry of final judgment by the District Court on remand in this case, or such date that the lower courts determine is appropriate.  On the other side of the ledger, our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction.[31]

This footnote—which the *Creasy* court aptly described as a "few lines of nonbinding dicta" of "only three Justices" offering "a pair of squarely contradictory answers"—does not change the conclusion that this Court lacks subject matter jurisdiction over Plaintiff's claims.[32]

In particular, although the footnote is contradictory and vague, it is most reasonably interpreted as referring only to liability of parties *that has already been adjudicated through a judgment*.[33]  That is not the case here, of course—there has been no judgment.  On the other side

---

[31] *AAPC*, 140 S. Ct. at 2355, n. 12 (internal citation omitted).

[32] *See Creasy*, at pp. 2- 4 & nn. 2 & 4.

[33] *See Bradley v. Sch. Bd. of City of Richmond*, 94 S. Ct. 2006,  (1974) (Supreme Court precedent recognizes "a distinction between the application of a change in law that takes place while a case is on direct review on the one hand, and its effect on a final judgment under collateral attack, on the other hand."); *Arthrex, Inc.*, 953 F.3d at 767, n. 2 ("judicial severance of one portion of an unconstitutional statute is, by necessity, only applicable prospectively").

of the ledger, the Supreme Court could not have intended to preserve claims against those whose liability had not *yet* been adjudicated through judgment.  Indeed, allowing a plaintiff to pursue claims against a defendant for calls made during the "unconstitutional period" would breathe life back into the same unconstitutional content-based provision the Supreme Court severed from the TCPA in *AAPC*.  It would also apply the severance doctrine *retroactively*, which seven Justices of the Supreme Court refused to do.  Ultimately, the footnote was characterized correctly by Justices Thomas and Gorsuch as a non-binding suggestion and it cannot and does not abrogate *AAPC's* actual holding that the automated-call ban was unconstitutional between November 2, 2015 and July 6, 2020.[34]  Accordingly, the automated-call ban provision in the TCPA cannot be enforced against Verizon for alleged violations occurring during that timeframe.

[intentionally left blank]

---

[34] *See AAPC,* at 2366 (referring to note 12 as a "suggest[ion]") and *id*  2343 ("Six Members of the Court today conclude that Congress has impermissibly favored debt-collection speech over political and other speech, in violation of the First Amendment.").

<u>CONCLUSION</u>

For the foregoing reasons, this Court should enter an order granting Verizon's motion to dismiss and affording Verizon any other relief this Court deems just and equitable.

Respectfully submitted,

CELLCO PARTNERSHIP d/b/a
VERIZON WIRELESS,

By its attorneys:

/s/ *David G. Thomas*
David G. Thomas (BBO # 640854)
Emily H. Bryan (BBO # 687935)
Greenberg Traurig, LLP
One International Place
Boston, Massachusetts  02110
Tel:  (617) 310-6000
Fax:  (617) 310-6001
thomasda@gtlaw.com
bryane@gtlaw.com

Dated:  November 13, 2020

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent all those non-registered participants on November 13, 2020.

/s/ *David G. Thomas*