# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBIN BREDA, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>Defendant. | Civil Action No. 1:16-cv-11512-DJC |

**[PROPOSED] ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, AND APPROVING NOTICE PLAN**

This matter came before the Court on Plaintiff's Motion for Preliminary Approval of the proposed class action settlement (the "Settlement"). This case was brought by Plaintiff Robin Breda ("Breda" or "Plaintiff"), individually and on behalf of all others similarly situated, against Defendant Cellco Partnership d/b/a Verizon Wireless ("Defendant" or "Verizon") (together, with Plaintiff, "Parties"). Based on this Court's review of the Settlement Agreement ("Agreement"), Plaintiff's Motion for Preliminary Approval of Settlement, and the arguments of counsel, the Court HEREBY FINDS AND ORDERS AS FOLLOWS:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. <u>Jurisdiction</u>. The Court has federal question jurisdiction over the case pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

3. <u>Preliminary Approval of Proposed Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within

the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case, and supervised by private mediator, Hesha Abrams, Esq., of Hesha Abrams Mediation, LLC; and (c) the proposed forms and method of distributing notice of the Settlement to the Settlement Class are appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

4. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, conditionally certifies the following Settlement Class:

> The (1) 61,485 persons in the United States (2) whose cellular telephone number (3) was listed as a "can be reached" number on a Verizon account and (4) received a prerecorded collection call from Defendant (5) during which the person answering the call pressed a key or keys indicating that Defendant was calling the wrong number, and which (6) thereafter received at least one additional prerecorded collection call from Defendant on the same telephone number and concerning the same Defendant account (7) within four years of the filing of the complaint in this action.
>
> Excluded from the Settlement Class are any judges to whom the Action was assigned and any member of the Court's staff and immediate family (to the extent they received a listed call) and all persons who opt-out of or are otherwise excluded from the Settlement Class pursuant to the requirements set forth in Section 11 of the Settlement Agreement.

5. In connection with granting class certification, the Court makes the following preliminary findings:

(a) The Settlement Class includes persons associated with 61,485 unique cellular telephone numbers above, and thus the class is so numerous joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved, including,

- 3 -

but not limited to, whether Verizon made prerecorded voice calls to the Settlement Class members, and whether those calls violated the TCPA, and for the purposes of the Settlement only, these questions appear to predominate over any alleged individual questions;

(c) Plaintiff's claims appear to be typical of the claims of the Settlement Class because she alleges Defendant called her cellular telephone number using prerecorded voice messages without prior express consent;

(d) Plaintiff and her counsel are adequate to represent the class. Plaintiff appears to have the same interests as the Settlement Class, he does not have any apparent conflict of interest with the Settlement Class, and her attorneys have extensive experience litigating class action cases, including class actions under the TCPA;

(e) Certification of the Settlement Class is the superior method for fairly and efficiently resolving the claims of the Settlement Class;and

(f) The form of Class Notice and notice program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23 and due process.

6. <u>Class Representative</u>. The Court appoints Plaintiff Breda as representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7. <u>Class Counsel</u>.  The Court appoints Keogh Law, Ltd. and Lemberg Law LLC as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. <u>Settlement Claims Administrator</u>. Epiq is hereby appointed as the Settlement Administrator. The Settlement Administrator shall be responsible for providing notice of the

Settlement ("Notice") to the Settlement Class as provided in the Agreement and this Order, as well as services related to administration of the Settlement.

9. <u>Class Notice</u>.  The Settlement Administrator shall, by the Notice Deadline, provide:

- i. **Mail Notice and E-Mail**.  The Settlement Administrator will provide individual notice via postcard to every address returned after reverse lookup.  If an address is not available, or if the address available is not a valid address or returned as undeliverable, individual notice will be sent via e-mail if available.  The Settlement Administrator shall perform skip tracing for all returned direct mail; all costs of skip tracing will be considered Settlement Costs and paid from the Settlement Fund.  The E-Mail and Website Notice will be provided in English and Spanish.  The Mail Notice will be provided in English with a statement in Spanish directing Spanish-speaking Class Members to the Settlement Website for the Website Notice.

- ii. **Settlement Website.**  The Settlement Administrator will establish and maintain the Settlement Website dedicated to the Settlement, on which will be posted the Website Notice, a copy of this Agreement, the Preliminary Approval Order, the operative Complaint, the attorneys' fees and service payment applications and any other materials the Parties agree to include.  These documents shall be available on the Settlement Website beginning 5 calendar days after the entry of the Preliminary Approval Order or when filed.  They shall remain until all of Settlement Awards checks disbursed are void unless otherwise ordered by the Court.  The Settlement Website will also allow Settlement Class Members to update their contact information and submit claims.  The Settlement Administrator shall secure the URL www.bredatcpasettlement.com for the Settlement Website.

- iii. **800 Number/IVR/Telephone Claims.**  The Settlement Administrator will establish and maintain an 800 number that will answer questions concerning this Agreement and allow Settlement Class Members to request a written claim form or use their Claim ID, which will be the unique identifier for each Settlement Class member that is provided on the Mail or E-mail Notice ("Claim ID") to make a claim via telephone.

- iv. **CAFA Notice.**  The Settlement Administrator shall, at Defendant's expense, serve CAFA Notice as required by 28 U.S.C. § 1715 to the Attorney General of the United States and the appropriate state officials within 10 calendar days of the filing of the Preliminary Approval Motion.

- 5 -

All costs of the notice program shall be deducted from the Settlement Fund. Further specific details of the notice program shall be subject to the agreement of the Parties and approval of the Court.

10. <u>Claims, Opt-Outs, and Objections</u>.  Persons in the Settlement Class who wish to submit a claim to receive the Settlement's benefits, or object to the Settlement, or request exclusion from the Settlement Class, must do so in accordance with the Notice and Claim Form. A class member who opts out may not also submit a valid Claim Form or objection, unless the class member confirms their intent to withdraw their opt-out in writing by the date set below for the opt-out deadline.

11. <u>Settlement Administrator to Maintain Records</u>. The Settlement Administrator shall maintain copies of all claims, objections, and opt-outs received. The Settlement Administrator shall provide copies of all objections and opt-outs to the parties.

12. <u>Objections to the Settlement</u>.  Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of objection with the Clerk of Court, in accordance with the Notice, Settlment Agreement, and this Order. To be considered, the Settlement Class Member's objection must: (i) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a member of the Settlement Class, including providing the Claim ID, full name, address, the telephone number Defendant called which caused the person to be in the Settlement Class, and whether he or she intends to appear at the Final Approval Hearing on his or her own behalf or through counsel; (ii) include a statement of such person's specific objections; and (iii) state the grounds for the objection and attach any documents supporting the objection.

13.     <u>Appearing at Final Approval Hearing</u>. Any Settlement Class Member who objects may, but does need to, appear at the Final Approval Hearing, either in person or through an attorney hired at such person's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.  A person in the Settlement Class or his or her attorney intending to make an appearance at the Final Approval Hearing must:  (i) file a notice of appearance with the Court no later than 20 calendar days prior to the Final Approval Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on all counsel for all Parties.

14.     <u>Reasonable Procedures to Effectuate the Settlement</u>. Unless otherwise ordered by the Court, the Parties are authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making minor changes to the form or content of the Notice or exhibits to the Agreement they agree are reasonable and necessary.

15.     <u>Final Approval Hearing</u>.  At the date and time provided below, or at such other date and time later the Court sets, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for an award of attorneys' fees and expenses, and any service award to Plaintiff, should be granted, and in what amounts.  The hearing shall be held in Courtroom 11, 5th Floor, at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, or such other location as the Court may order. The Court may also order the hearing to take place remotely via Zoom or such other remote communication system as the Court may direct.

- 7 -

16. Plaintiff shall file her motion in support of Class Counsel's application for attorneys' fees and expenses, and any service award, no later than the Notice Deadline below.

17. Plaintiff shall file her: (a) motion in support of final approval of the Settlement; (b) response to any objections to the Settlement, no later than the date stated for the same in the Schedule of Events below.

18. <u>Schedule of Events</u>. Based on the foregoing, the Court hereby orders the resolution of this matter shall proceed on the following schedule:

| | |
|---|---|
| _____, 2021<br><br>[21 days after the date of this Order] | Deadline for the Settlement Administrator to send notice to the Settlement Class in accordance with the Agreement and this Order (Notice Deadline) |
| _____, 2021<br><br>[Same as Notice Deadline] | Deadline for Plaintiff to file his Motion for Attorneys' Fees and Expenses, and any Incentive Award |
| _____, 2021<br><br>[60 days after Notice Deadline] | Deadline for any member of the Settlement Class to submit a Claim Form, request exclusion from the Settlement, or object to the Settlement in accordance with the Notice and this Order (Claim, Opt-Out, and Objection Deadline) |
| _____, 2021<br><br>[21 days after the Opt-Out, Objection, and Claim Deadline] | Deadline for Plaintiff to file:<br><br>(1) Motion and memorandum in support of final approval, including proof of class notice; and<br>(2) Response to any objections. |
| _____, 2021 at \_\_\_\_ \_.m.<br><br>[Court's Convenience anytime 110 days after preliminary approval] | Final Approval Hearing |

- 8 -

19. The Court, pending determination of whether the Settlement should be finally approved, bars and enjoins all persons in the Settlement Class, individually, and on a representative basis or other capacity, from commencing or prosecuting against the Released Parties in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims unless they timely opt-out.

20. The Court, pending final determination of whether the Settlement should be approved, stays all proceedings as set forth herein except those related to effectuating the Settlement.

IT IS SO ORDERED.

Dated:_____       _____
                                           Honorable Denise J. Casper
                                           United States District Judge

119242