EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("**this Agreement**") is entered into as of October 6, 2021 2021, by and among Plaintiff Robin Breda ("**Class Plaintiff**"), on behalf of herself and the Settlement Class (as defined below), on the one hand, and Defendant Cellco Partnership d/b/a Verizon Wireless ("**Defendant**" or "**Verizon**") (together with Class Plaintiff, the "**Parties**"), on the other hand, subject to Court approval as required by Federal Rule of Civil Procedure 23.

1.   **RECITALS**

**WHEREAS**, on July 21, 2016, Class Plaintiff filed a "Class Action Complaint" in the United States District Court for the District of Massachusetts entitled *Breda v. Cellco Partnership d/b/a Verizon Wireless*, Case No. 1:16-cv-11512-DJC ("**Action**"), in which she alleged for herself and others similarly situated as described therein that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* by making prerecorded calls to cellular telephones without prior consent;

**WHEREAS**, on July 15, 2021, the Court held a hearing on Class Plaintiff's motion for class certification and Defendant's motion to strike expert reports;

**WHEREAS**, on August 31, 2021, the Parties participated in a private mediation before Hesha Abrams, Esq., of Hesha Abrams Mediation, LLC, and, after a full day mediation, reached an agreement in principle to settle the Action in its entirety pursuant to the terms set forth in this Agreement and as approved by the Court; and

**NOW, THEREFORE**, in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, the Parties agree that the Action be fully and finally compromised, settled, released, and dismissed with prejudice, subject to the terms and

conditions of this Agreement and subject to Final Approval (as defined below) by the Court as set forth herein.

2.  **<u>DEFINITIONS</u>**

In addition to the terms defined above in the Recitals and elsewhere in this Agreement, the following terms shall have the following meanings and shall apply throughout this Agreement. Each defined term stated in a singular form shall include the plural form, and vice versa.

2.1    **"CAFA Notice"** means the notice required by 28 U.S.C. § 1715(b).

2.2    **"Claim Form"** means the document entitled "Claim Form" attached hereto as <u>Exhibit 1</u> that a person in the Settlement Class must complete and submit as set forth herein to become a "Settlement Class Member."

2.3    **"Class Counsel"** means Keogh Law, Ltd. and Lemberg Law LLC.

2.4    **"Class Notice"** means the forms of notice to be sent to the Settlement Class, including the E-Mail Notice, Mail Notice, and Website Notice.  The E-Mail and Website Notice will be provided in English and Spanish.  The Mail Notice will be provided in English with a statement in Spanish directing Spanish-speaking Class Members to the Settlement Website for the Website Notice. The Settlement Administrator will be responsible for translating Class Notice from English to Spanish.

2.5    **"Court"** means the United States District Court for District of Massachusetts.

2.6    **"Day"** or **"Days"** has the meaning ascribed to it in Federal Rule of Civil Procedure 6, and all time periods specified in this Agreement shall be computed in a manner consistent with Rule 6.  All references to days shall be interpreted to mean calendar days, unless otherwise noted.

2.7    **"Defendant's Counsel"** means Greenberg Traurig, LLP.

**2.8** **"Effective Date"** means the fifth (5th) business day after the last of the following events takes place:

    i.    all Parties, Class Counsel, and Defendant's Counsel have executed this Agreement;

    ii.    the Court has entered without material change the Final Approval Order; and

    iii.    the time for seeking rehearing or appellate or other review of the Final Approval Order has expired, and no appeal or petition for rehearing or review has been timely filed; or the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or petition for certiorari could be taken has finally expired and relief from a failure to file same is not available.

**2.9** **"E-Mail Notice"** means the electronic notice described in Section 9.2 of this Agreement, substantially in the form attached as Exhibit 2.

**2.10** **"Final Approval"** means the date that the Court enters, without material change, the Final Approval Order.

**2.11** **"Final Approval Hearing"** means the hearing set by the Court for the purpose of determining the fairness, adequacy, and reasonableness of the Settlement and associated procedures and requirements.

**2.12** **"Final Approval Order"** means the order and judgment the Court enters finally approving the Settlement and dismissing the Action with prejudice, substantially in the form attached as Exhibit 3. If the Court issues separate orders addressing the matters constituting final settlement approval, then "Final Approval Order" includes all such orders.

**2.13** **"Funding Date"** means the date, which shall be no later than 14 calendar days after the Effective Date, on which Defendant shall make the Total Payment to the Settlement Administrator to establish the Settlement Fund as provided in Section 9.1.

**2.14** **"Mail Notice"** means the postcard notice described in Section 10.2 of this Agreement, substantially in the form attached as Exhibit 4.

**2.15** **"Notice Deadline"** shall have the meaning set forth in Section 8.1 of this Agreement.

**2.16** **"Opt-Out and Objection Deadline"** shall have the meaning set forth in Section 13of this Agreement.

**2.17** "**Preliminary Approval**" means the date that the Court enters, without material change, the Preliminary Approval Order.

**2.18** **"Preliminary Approval Order"** means the order that the Court enters upon preliminarily approving the Settlement, substantially in the form attached as Exhibit 5.

**2.19** **"Released Claims"** shall have the meaning set forth in Section 17 of this Agreement.

**2.20** **"Released Parties"** shall have the meaning set forth in Section 13.1 of this Agreement.

**2.21** **"Settlement"** means the settlement into which the Parties have entered to resolve the Action as set forth in this Agreement.

**2.22** **"Settlement Administrator"** means Epiq subject to approval by the Court.

**2.23** **"Settlement Award"** means a net cash payment that may be available to the Settlement Class Members pursuant to Section 5.2 of this Agreement

**2.24** **"Settlement Class"** means the (1) 61,485 persons in the United States (2) whose cellular telephone number (3) was listed as a "can be reached" number on a Verizon account and (4) received a prerecorded collection call from Defendant (5) during which the person answering the call pressed a key or keys indicating that Defendant was calling the wrong number, and which (6) thereafter received at least one additional prerecorded collection call from Defendant on the same telephone number and concerning the same Defendant account (7) within four years of the

filing of the complaint in this action. Excluded from the Settlement Class are any judges to whom the Action was assigned and any member of the Court's staff and immediate family (to the extent they received a listed call) and all persons who opt-out of or are otherwise excluded from the Settlement Class pursuant to the requirements set forth in Section 11 of this Agreement.

      **2.25** **"Settlement Class Member"** means any person in the Settlement Class who files a valid and timely Claim Form or who does not otherwise properly opt out of, or is excluded from, the Settlement Class.

      **2.26** **"Settlement Costs"** means all costs incurred in the litigation by the Class Plaintiff and the Settlement Class and their attorneys and experts, as well as all costs of administering the Settlement, which include but are not limited to:

    i.      any attorneys' fees, expenses, and costs awarded to Class Counsel as approved by the Court;

    ii.     any service payment awarded to Class Plaintiff as approved by the Court;

    iii.    all costs incurred by the Settlement Administrator in providing notice to the Settlement Class (such as costs for E-Mail Notice, Mail Notice, and Website Notice, as well as any different or additional notice that might be ordered by the Court);

    iv.    all costs of administering the Settlement, including, but not limited to, the cost of printing and mailing Settlement Awards and other payments and the cost of maintaining a designated post office box and/or operating the Settlement Website;

    v.     any taxes or other payments relating to or arising out of the Settlement as paid by the Settlement Administrator; and

    vi.    all fees, expenses, and all other costs of the Settlement Administrator.

      **2.27** **"Settlement Website"** means the website established by the Settlement Administrator to aid in the administration of the Settlement and effect notice to the Settlement Class as provided herein, which website will be made available in English and Spanish.

**2.28** **"TCPA"** means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and any regulations or rulings promulgated under it.

**2.29** **"Website Notice"** means the long-form notice provided on the Settlement Website pursuant to Section 9.2 of this Agreement, substantially in the form attached hereto as <u>Exhibit 4</u>.

## 3.    <u>SETTLEMENT PURPOSE AND INTENT OF PARTIES</u>

**3.1** **General.** This Agreement is made for the sole purpose of settlement of the Action and Released Claims as described herein.  The Settlement of the Action is expressly conditioned upon the entry of a Preliminary Approval Order and a Final Approval Order by the Court, and the occurrence of the Effective Date.  If the Settlement does not obtain Final Approval and/or if the Effective Date does not occur for any reason, this Agreement shall be deemed null and void *ab initio*, shall be of no force and effect whatsoever, and shall not be utilized for any purpose whatsoever as set forth more fully herein.

**3.2** **Conditional Certification.**  Among other things, Defendant disputes that a contested class could be certified in the Action.  However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose and hereby agrees to certification of the Settlement Class as set forth herein and *for notice and settlement purposes only*, pursuant to Federal Rule of Civil Procedure 23(b)(3).  Defendant's agreement shall not be deemed a concession that any contested class could be certified, nor would Defendant be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement does not obtain Final Approval and/or of the Effective Date does not occur of any reason.  If the Settlement does not obtain Final Approval and/or of the Effective Date does not occur for any reason, Defendant shall not be prejudiced in any way from opposing class certification in the Action or in any other action or proceeding; and Class Plaintiff and persons in

the Settlement Class shall not use anything in this Agreement, in any agreement in principle or term sheet, or in the Preliminary Approval Order or Final Approval Order as evidence to support class certification.  The Parties shall not be deemed to have waived any claims, objections, rights or defenses, or legal arguments or positions, including but not limited to, claims or objections to class certification, or claims or defenses on the merits.  The Parties reserve their respective rights to prosecute or defend this Action in the event that the Settlement does not obtain Final Approval and/or if the Effective Date does not occur for any reason.

**3.3     Denial of Liability; Admissibility.**  Defendant disputes the claims alleged in the Action and does not by this Agreement or otherwise admit any liability, fault, or wrongdoing of any kind. Defendant has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could have been asserted in the Action.  The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any Party of any fault, liability, or wrongdoing of any kind whatsoever.  This Agreement, the Settlement, nor any act performed or document executed pursuant to or in furtherance thereof: (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Class Plaintiff or the Settlement Class, or of any wrongdoing or liability of the Released Parties; or (ii) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties or for any purpose whatsoever, in the Action or in any proceeding in any court, administrative agency, or other

7

tribunal; provided, however, that this Agreement and the proceedings and motions submitted in connection with the Settlement may be presented to the Court in connection with the implementation or enforcement of this Agreement.

3.4    **Class Plaintiff's Belief in the Merits of the Action and Recognition of the Benefit of Settlement.**  Class Plaintiff believes the claims asserted in the Action have merit and that the evidence developed to date supports those claims.  This Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Class Plaintiff that there is any infirmity in the claims asserted by her, or that there is any merit whatsoever to any of the contentions and defenses that Defendant has asserted in the Action.  Class Plaintiff, however, recognizes and acknowledges the expense and amount of time which would be required to continue to pursue the Action against Defendant, as well as the uncertainty, risk and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class.  Class Plaintiff and Class Counsel have concluded that it is desirable that the Action and the Released Claims be fully and finally settled and resolved as set forth in this Agreement and as approved by the Court.  Class Plaintiff and Class Counsel believe that the terms and conditions set forth in this Agreement confer substantial benefits upon the Settlement Class, and that it is in the best interests of the Settlement Class to settle as described herein.

4.     **JURISDICTION**

The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by the Parties and their counsel as set forth herein.  The Court shall also retain jurisdiction over all questions and/or disputes related to Class Notice and the Settlement Administrator, if any.

5.     **SETTLEMENT      CONSIDERATION;      THE      SETTLEMENT      FUND;      AND SETTLEMENT AWARDS**

**5.1     Cash Settlement Amount; Settlement Fund; Settlement Fund Account.**

A.     <u>Cash Settlement Amount</u>.  Defendant shall make a one-time, all-inclusive payment of Three-Million Nine-Hundred and Fifty Thousand Dollars ($3,950,000) ("**Total Payment**") to resolve this Action and the Released Claims as set forth herein.  The Total Payment encompasses all cash compensation available to the Settlement Class who become Settlement Class Members, and includes the Settlement Costs and any other fees, costs, and expenses provided herein as approved by the Court.  Under no circumstances shall Defendant or the Released Parties be required to pay greater than or less than the Total Payment.

B.     <u>Settlement Fund Account</u>.  Defendant shall provide the Total Payment to the Settlement Administrator as set forth herein to establish a common settlement fund ("**Settlement Fund**"), which payment shall be deposited in an interest-bearing account ("**Settlement Fund Account**").  The Settlement Fund Account shall be used to pay the Settlement Awards and the Settlement Costs.  All interest on the funds in the Settlement Fund Account shall accrue to the benefit of the Settlement Class except as provided herein.  Any interest shall not be subject to withholding and shall, if required, be reported appropriately to the Internal Revenue Service by

the Settlement Administrator.  The Settlement Administrator is responsible for the payment of all taxes on interest on the funds in the Settlement Fund Account.  The Settlement Administrator shall prepare, send, file, and furnish all tax information reporting forms required for payments to be made from the Settlement Fund Account as required by the Internal Revenue Service pursuant to the Internal Revenue Code and related Treasury Regulations.  The Parties agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions set forth herein.

C.     Tax Treatment.  The Settlement Fund is intended to be a "qualified settlement fund" within the meaning of United States Treasury Regulation § 1.468B-1 ("**QSF**").  Neither the Parties nor the Settlement Administrator shall take a position in any filing or before any tax authority that is inconsistent with treating the Settlement Fund as a QSF.  Defendant shall be the "transferor" and the Settlement Administrator shall be the "administrator" of the Settlement Fund within the meaning of United States Treasury Regulations §§ 1.468B-1, respectively.  The Parties agree to take all necessary and reasonable actions to qualify the Settlement Fund as a QSF.  All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund Account or otherwise, including any taxes or tax detriments that may be imposed upon Class Counsel, Defendant, or Defendant's Counsel with respect to income earned by the Settlement Fund Account for any period during which the Settlement Fund Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "**Taxes**"), shall be paid out of the Settlement Fund Account.  The Parties, Class Counsel, and Defendant's Counsel shall have no liability or responsibility for any Taxes. The Settlement Fund shall indemnify and hold the Parties, Class Counsel, and Defendant's Counsel harmless for all Taxes (including, without limitation,

Taxes payable by reason of any such indemnification).  As a result, the Settlement Administrator will be responsible for all tax withholding and reporting obligations of any payments made from the Settlement Fund, including any reporting required on IRS Form 1099, if any, for distributions made from the Settlement Fund Account as provided herein.  Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution and such taxes and tax-related expenses shall not be paid from the Settlement Fund.

     **5.2**    **Settlement Awards to Settlement Class Members; Remaining Funds.**  All Settlement Class Members will be entitled to a Settlement Award, which will be calculated as follows:

     A.    After the Settlement obtains Final Approval and the Effective Date occurs, the Settlement Administrator will deduct all fees, expenses, and costs approved by the Court and as provided for herein from the Settlement Fund, with the remaining funds being available for payment of Settlement Awards ("**Net Settlement Amount**").

     B.    Each Settlement Class Member shall be entitled to a pro rata share of the Net Settlement Amount not to exceed $500.00 per call received by a Settlement Class Member ("**Subsequent Call**") after a qualifying call as determined by the Settlement Administrator with assistance from Class Counsel and Defendant's Counsel, as needed. ("**Qualifying Call**").  The Settlement Administrator shall determine, with assistance from Class Counsel and Defendant's Counsel, as needed, each Qualifying Call and each Subsequent Call by reference to the compiled data from Plaintiff's expert (group_2_calls.csv in exhibit 2 to Jewell's supplemental report), which was derived from the business records produced in the Action from which the Settlement Class was determined. Once the Settlement Administrator determines the number of Subsequent Calls

received by each Settlement Class Member, the Settlement Administrator, with assistance from Class Counsel and Defendant's Counsel, as needed, will determine the amount of the Net Settlement Amount each Settlement Class Member will receive by:

(i)     summing all of the Subsequent Calls received by the Settlement Class Members in the aggregate and dividing that aggregate number by the Net Settlement Amount to determine a pro rata payment per call (again, not to exceed $500 per call) ("**Per Call Amount**"); and

(ii)    multiplying the Per Call Amount by the number of Subsequent Calls received by each Settlement Class Member to determine each Settlement Class Member's individual Settlement Award (the sum of all Settlement Awards shall be referred to herein as the "**Gross Settlement Award Calculation**").

Any amounts remaining in the Settlement Fund after the Gross Settlement Award Calculation shall be subject to a *cy pres* distribution as set forth in Section 10.

6.     **ATTORNEYS' FEES, COSTS, AND EXPENSES AND CLASS PLAINTIFF SERVICE PAYMENT**

6.1     **Attorneys' Fees, Costs, and Expenses.**  Class Counsel shall apply to the Court for an award of attorneys' fees, costs and expenses within 15 calendar days after the Notice Deadline, which application shall be posted on the Settlement Website.  Class Counsel shall provide the Settlement Administrator with Class Counsel's completed W-9 forms prior to the Effective Date. The Settlement Administrator shall pay to Class Counsel the amount of attorneys' fees, costs and expenses approved by the Court, as directed by written instructions from Class Counsel, within 5 calendar days after the Funding Date.  No interest will accrue on such amounts at any time.  The amount of attorneys' fees, costs, and expenses approved by the Court shall be paid from the Settlement Fund and from no other source.

6.2     **Payment to Class Plaintiff.**  Class Plaintiff will also apply to the Court to award her a service payment (in addition to any Settlement Award she may receive) for the time and effort she has invested in this Action.  Class Plaintiff shall provide the Settlement Administrator

with a completed W-9 form prior to the Effective Date.  The Settlement Administrator shall pay

to Class Plaintiff the amount of any service payment approved by the Court within 5 calendar days

after the Funding Date.  No interest will accrue on such amounts at any time.  Any service payment

shall come from the Settlement Fund and from no other source.

      **6.3**     **Settlement Independent of Award of Attorneys' Fees, Costs, and Expenses and**

**Service Payment.**  The payment of attorneys' fees, costs, and expenses and a service payment set

forth herein are subject to and dependent upon the Court's approval.  Court approval of attorneys'

fees, costs, and expenses and a service payment, or their amounts, is not a condition of Settlement

except as set forth herein as to payment from the Settlement Fund and from no other source.  Any

amount approved by the Court shall constitute full satisfaction of any obligation on Defendant's

part to pay any person, attorney, or law firm for costs, litigation expenses, attorneys' fees, or any

other expense incurred on behalf of Class Plaintiff or the Settlement Class.

**7.**      <u>**CONDITIONS OF SETTLEMENT**</u>

      **7.1**     Performance of the obligations set forth in this Agreement is subject to all of the

following material conditions:

     i.     execution of this Agreement by the Parties, Class Counsel, and Defendant's
Counsel;

     ii.     execution and entry by the Court of the Preliminary Approval Order;

     iii.     execution and entry by the Court of the Final Approval Order; and

     iv.     the Effective Date occurring.

      **7.2**     The Parties covenant and agree to cooperate reasonably and in good faith for the

purpose of achieving occurrence of the conditions set forth above, including, without limitation,

timely filing of all motions, papers and evidence necessary to do so, and refraining from causing

or encouraging directly or indirectly any appeal or petition for writ proceedings by third parties

seeking review of any Order contemplated by this Agreement.  Class Counsel represent and warrant that they have authority to take all such actions required of them pursuant to this Agreement, and that by doing so they are not in breach or violation of any agreement with Class Plaintiff or any third party as well as amongst themselves.

## 8.   STAY OF PROCEEDINGS; PRELIMINARY APPROVAL OF THE SETTLEMENT

**8.1   Stay/Bar of Proceedings**.  All proceedings between the Parties in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement.  Pending determination of whether the Settlement should be granted Final Approval, the Parties agree not to pursue any claims or defenses otherwise available to them in the Action except as otherwise ordered by the Court, and no person in the Settlement Class or person acting or purporting to act directly or derivatively on behalf of a person may commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims, except as otherwise ordered by the Court.  The stay does not apply to obtaining discovery from any objector to the Settlement Agreement.

**8.2   Preliminary Approval Motion.**  As soon as practical after the execution of this Agreement, Class Plaintiff shall promptly submit for the Court's consideration a motion for preliminary approval of the Settlement seeking entry of the Preliminary Approval Order.  The motion will be subject to review by Defendant.  Pursuant to the motion for preliminary approval, Class Plaintiff will request that:

     i.      the Court conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel for the Settlement Class;

    ii.      the Court preliminarily approve this Agreement and the Settlement reflected herein as fair, adequate and reasonable to the Settlement Class;

iii.     the Court approve the form of Class Notice and find that the notice program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23 and due process;

iv.     the Court direct that notice be provided to the Settlement Class, in accordance with this Agreement, within 21 calendar days following entry of the Preliminary Approval Order (the "**Notice Deadline**");

v.     the Court establish a procedure for any class members to object to the Settlement or exclude themselves from the Settlement Class;

vi.     the Court set a deadline 60 calendar days after the Notice Deadline, after which no one shall be allowed to object to the Settlement or exclude himself or herself from the Settlement (the "**Opt-Out and Objection Deadline**");

vii.     the Court set a deadline 60 calendar days after the Notice Deadline for all claims to be received or post marked and approve the claims process described herein for the Settlement Class;

viii.     the Court set a deadline for filing applications for attorneys' fees, costs, and expenses and a service payment;

ix.     the Court set all other deadlines for filing motions, responding to objections or any other actions required by the Parties, Class Counsel, or the Settlement Class;

x.     the Court, pending determination of whether the Settlement should be finally approved, bar and enjoin all persons in the Settlement Class, individually, and on a representative basis or other capacity, from commencing or prosecuting against the Released Parties in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims unless they timely opt-out;

xi.     the Court, pending final determination of whether the Settlement should be approved, stay all proceedings as set forth herein except those related to effectuating the Settlement; and

xii.     the Court shall schedule a hearing to consider Final Approval of the Settlement, which shall be scheduled no earlier than 110 after entry of the Preliminary Approval Order.

In the event that the Court does not enter the Preliminary Approval Order in a form substantially the same as in the attached Exhibit 5 and without material change, the Parties shall have the right to terminate this Agreement and the Settlement as set forth herein.  While materiality remains subject to the Parties' determination in their reasonable discretion, material changes shall not

include any changes to the legal reasoning or format used by the Court to justify the substantive relief sought by the Preliminary Approval Order.

## 9.   **ADMINISTRATION AND NOTIFICATION PROCESS**

**9.1   Settlement Administrator.**  The Settlement Administrator shall administer the Settlement as described herein and as approved by the Court in the Preliminary Approval Order and Final Approval Order.  Class Counsel will provide the 61,485 telephone numbers for the Settlement Class to the Settlement Administrator at the time the motion for preliminary approval is filed.  The duties of the Settlement Administrator, in addition to any other responsibilities described herein, are as follows:

i.      send timely CAFA Notice;

ii.     send timely Class Notice;

iii.    establish and maintain the Settlement Website as a means for the Settlement Class to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Mail Notice, the Preliminary Approval Order, Class Counsels' applications for attorneys' fees, costs, and expenses and Class Plaintiff's application for a service payment, and such other documents as the Parties agree to post or that the Court orders posted on the Settlement Website;

iv.     establish and maintain an automated toll-free telephone line for members of the Settlement Class to call with Settlement-related inquiries, and answer the questions from the members of the Settlement Class who call with or otherwise communicate such inquiries;

v.      respond to any mailed inquiries from members of the Settlement Class;

vi.     process all opt-out requests;

vii.    process all Claim Forms;

viii.   provide reports on request and, no later than 3 calendar days after the Opt-Out and Objection Deadline, a final report that summarizes the number of requests to opt-out and objections received during that period, the total number of opt-out requests and objections received to date, and other pertinent information;

ix.     pay any taxes as set forth herein;

x.      at Class Counsels' request in advance of the Final Approval Hearing, prepare an

affidavit to submit to the Court that identifies the number of persons who timely and properly requested to opt out of the Settlement Class;

xi.    process and transmit Settlement Awards and any other agreed-upon distributions from the Settlement Fund Account;

xii.    pay invoices, expenses, and costs upon approval by the Parties, as provided in this Agreement; and

xiii.    perform any settlement administration-related function at the instruction of the Parties.

**9.2**    **Class Notice.**  The Settlement Administrator shall, by the Notice Deadline, provide:

i.    **Mail Notice and E-Mail**.  The Settlement Administrator will provide individual notice via postcard to every address returned after reverse lookup.  If an address is not available, or if the address available is not a valid address or returned as undeliverable, individual notice will be sent via e-mail if available.  The Settlement Administrator shall perform skip tracing for all returned direct mail; all costs of skip tracing will be considered Settlement Costs and paid from the Settlement Fund.  The E-Mail an Mail Notice shall direct recipients to the Settlement Website and the E-Mail Notice shall include an active hyperlink to the Settlement Website.  Any notice provided under this notice program shall not bear or include Defendant's logo or trademarks or return address, or otherwise be styled to appear to originate from Defendant.  The notice shall not be styled with a case caption, but it may indicate that the Court approved sending the notice.

ii.    **Settlement Website.**  The Settlement Administrator will establish and maintain the Settlement Website dedicated to the Settlement, on which will be posted the Website Notice, a copy of this Agreement, the Preliminary Approval Order, the operative Complaint, the attorneys' fees and service payment applications and any other materials the Parties agree to include.  These documents shall be available on the Settlement Website beginning 5 calendar days after the entry of the Preliminary Approval Order and remain until all of Settlement Awards checks disbursed are void unless otherwise ordered by the Court.  The Settlement Website will also allow Settlement Class Members to update their contact information and submit claims.  The Settlement Administrator shall secure the URL bredatcpasettlement.com for the Settlement Website.

iii.    **800 Number/IVR/Telephone Claims.**  The Settlement Administrator will establish and maintain an 800 number that will answer questions concerning this Agreement and allow Settlement Class Members to request a written claim form or use their Claim ID, which will be the unique identifier for each Settlement Class member that is provided on the Mail or E-mail Notice ("Claim ID") to make a claim via telephone.

17

iv.     **CAFA Notice.**  The Settlement Administrator shall, at Defendant's expense,  serve CAFA Notice as required by 28 U.S.C. § 1715 to the Attorney General of the United States and the appropriate state officials within 10 calendar days of the filing of the Preliminary Approval Motion.

All costs of the notice program shall be deducted from the Settlement Fund. Further specific details of the notice program shall be subject to the agreement of the Parties and approval of the Court.

## 10.     DISTRIBUTION OF SETTLEMENT AWARDS; CY PRES

**10.1     Settlement Awards.**  Settlement Class Members will have the option to select receipt of their Settlement Awards by either check or secure electronic payment.  If no option is selected or the secure electronic payment cannot be completed, the Settlement Award shall be paid by check.  The Settlement Administrator shall send each Settlement Class Member their Settlement Award within 45 calendar days after the Effective Date ("**First Distribution**").  The Settlement Administrator will perform skip tracing and re-mailing, as necessary; all costs of such work will be considered Settlement Costs.  Checks will be valid for one-hundred and eighty days (180) days from the date on the check or for such long period as required by state law.  Within 230 days after the Effective Date, the Settlement Administrator will calculate the amount of all uncashed checks and distribute a pro rata portion of all uncashed checks to Settlement Class Members who already cashed their checks ("**Second Distribution**") unless the administrative costs to make a second distribution outweigh the second distribution or after administrative costs the amount of the Second Distribution would be nominal; provided, however, that no Settlement Class Member will receive any payments that exceed $500 per call in the aggregate, *i.e.*, the sum of the First Distribution and the Second Distribution.  Any amounts remaining the Second Distribution, or any Second Distribution checks that are uncashed, will be paid as *cy pres* to an entity agreed upon by the Parties and approved by the Court or if the Parties cannot agree as determined by the Court as set forth herein.  Any Settlement Award paid to a deceased Settlement Class Member shall be made payable

18

to the estate of the Settlement deceased Class Member, provided that the member's estate informs the Settlement Administrator of the member's death at least 30 calendar days before the date on which the Settlement Administrator distributes the Settlement Award.

**10.2     No Tax Liability.**  The Parties shall have no responsibility or liability for any federal, state, or other taxes owed by the Settlement Class Members as a result of, or that arise from, any Settlement Awards or any other term or condition of this Agreement.

**10.3     Remaining Funds.**  Any remaining funds in the Settlement Fund after distribution of the Settlement Awards and all other distributions from the Settlement Fund described herein and approved by the Court or Parties shall be paid as *cy pres* to an entity agreed upon by the Parties and approved by the Court.  If the Parties cannot agree to the *cy pres* entity, Class Plaintiff's motion for preliminary approval will advise the Court of each Party's suggestion.

## 11.     OPT-OUTS AND OBJECTIONS

**11.1     Opt-Out Requirements.**  Persons in the Settlement Class may request exclusion from the Settlement by sending a written request to the Settlement Administrator at the address designated in the Class Notice no later than the Opt-Out and Objection Deadline.   Exclusion requests must:

  i.       include the case name and civil action number of the Action;

  ii.      be signed by the person in the Settlement Class who is requesting exclusion;

  iii.     include the full name and address of the person in the Settlement Class requesting exclusion and the subject telephone number that Defendant called which caused the person to be included in the Settlement Class; and

  iv.     include the following statement: "**I request to be excluded from the settlement in the Breda TCPA action.**"

No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation

with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

**11.2    Retention of Exclusions.**  The Settlement Administrator will retain a copy of all requests for exclusion and will provide copies of any such requests to counsel for the Parties. Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person in the Settlement Class has properly opted out.

**11.3    Right To Object.**  Any person in the Settlement Class may appear at the Final Approval Hearing to object to the proposed Settlement, but only if the person has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline.  Any such person who does not provide a written objection in the manner described below shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of any attorneys' fees, expenses, and costs and/or service payment.  In addition to the filing requirement above, the objection must be mailed to each of the following, postmarked no later than the last day to file the objection:

> **Class Counsel:**
>
> Keogh Law, Ltd.
> 55 W. Monroe, Ste. 3390
> Chicago, Illinois 60603
>
> **Defendant's Counsel**
>
> David G. Thomas, Esq.
> Greenberg Traurig, LLP
> One International Place, Suite 2000
> Boston, MA 02110

**11.4    Objection Requirements.**  An objection must: (i) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a member of

the Settlement Class, including providing the Claim ID, full name, address, the telephone number Defendant called which caused the person to be in the Settlement Class, and whether he or she intends to appear at the Final Approval Hearing on his or her own behalf or through counsel; (ii) include a statement of such person's specific objections; and (iii) state the grounds for the objection and attach any documents supporting the objection.

**11.5**    Any person within the Settlement Class who objects may, but does need to, appear at the Final Approval Hearing, either in person or through an attorney hired at such person's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement. A person in the Settlement Class or his or her attorney intending to make an appearance at the Final Approval Hearing must:  (i) file a notice of appearance with the Court no later than 20 calendar days prior to the Final Approval Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on all counsel for all Parties.

## 12.    FINAL APPROVAL ORDER; DISMISSAL

**12.1    Final Approval Order.**   The Class Plaintiff shall submit a motion for final approval seeking the Final Approval Order no earlier than 14 calendar days before the Final Approval Hearing or by such other deadline as the Court may order.  The motion will be subject to review and assent by Defendant.  The Final Approval Order shall include provisions that:

  i.      finally approve the Settlement as fair, reasonable, and adequate to the Settlement Class Members;

 ii.      find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements Federal Rule of Civil Procedure 23 and due process;

 iii.     find that the Settlement Class have been adequately represented by the Class Plaintiff and Class Counsel;

 iv.     the Settlement was negotiated at arm's length;

v.        approve the plan of distribution for the Settlement Fund and any interest accrued thereon, including proposed award of attorneys' fees, expenses, and costs and the service payment, and timing of such payments;

vi.       find the proposal treats the Settlement Class equitably relative to each other;

vii.      confirm certification of the Settlement Class;

viii.     confirm that Class Plaintiff and the Settlement Class Members have released all Released Claims that are contemplated under this Agreement and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims that are contemplated under this Agreement against the Released Parties;

ix.       Dismiss with prejudice all claims of the Settlement Class Members asserted against Defendant, as well as the Action, without costs to any party, except as provided in this Agreement; and

x.       Retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

If the Court does not enter the Final Approval Order in a form substantially the same as in the attached Exhibit 3 and without material change, the Parties have the right to terminate this Agreement and the Settlement as set forth herein.  While materiality remains subject to the Parties' determination in their reasonable discretion, material changes shall not include any changes to the legal reasoning or format used by the Court to justify the substantive relief sought by the Final Approval Order.

**12.2**   **Dismissal with Prejudice.**  Upon entry of the Final Approval Order, the Action shall be dismissed with prejudice as to Class Plaintiff and the Settlement Class Members.

**13.**   <u>**RELEASE OF CLAIMS; COVENANT NOT TO SUE**</u>

**13.1**   As of the Effective Date, Class Plaintiff and the Settlement Class Members, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, representatives, and successors, fully and irrevocably release and forever discharge Defendant and each of its present, former, and future parents, subsidiaries, predecessors, successors, assigns,

assignees, affiliates, conservators, divisions, departments, subdivisions, owners, partners,

principals, trustees, creditors, insurers, shareholders, joint ventures, co-venturers, officers, and

directors (whether acting in such capacity or individually), attorneys, advisors, consultants,

independent contractors, wholesalers, resellers, distributors, retailers, vendors, accountants,

nominees, agents (alleged, apparent, or actual), representatives, employees, managers,

administrators, and each person or entity acting or purporting to act for them or on their behalf,

including, but not limited to all of their subsidiaries and affiliates (collectively, "**Released**

**Parties**") with respect to any claims, issues, liabilities, rights, actions, causes of action, demands,

damages, penalties, costs, attorneys' fees, losses, or remedies, whether known or unknown,

existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or

equitable, that relate to, result from, are based upon, or arise out of any of the claims that were

asserted in the Action, and any allegations, acts, transactions, facts, events, matters, occurrences,

representations, statements, or omissions that were or could have been set forth, alleged, referred

to, or asserted in the Action, and whether assertible in the form of a cause of action or as a private

motion, petition for relief or claim for contempt, or otherwise, and in any court, tribunal, arbitration

panel, commission, agency, or before any governmental and/or administrative body, or any other

adjudicatory body, and whether based on the TCPA or any other federal, state, local, statutory or

common law or any other law, rule, regulation, ordinance, code, contract, common law, or any

other source, including any and all claims for damages, injunctive relief, interest, attorney fees,

and litigation expenses relating or concerning Verizon's telephone calls to the Plaintiff and

Settlement Class Members that are the subject matter of the Action ("**Released Claims**").

  **13.2**  With respect to the Released Claims, Plaintiffs and the Settlement Class Members

shall be deemed to have, and by operation of the Settlement shall have, expressly waived and

relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under  federal, state, or local law to the extent any such provision is applicable), which reads:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Therefore, subject to and in accordance with this Agreement, even if the Class Plaintiff and/or the Settlement Class Members may discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, Class Plaintiff and each Settlement Class Member, upon entry of the Final Approval Order of the Settlement, shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled and released all of the Released Claims. This is true whether such Released Claims are known or unknown, suspected or unsuspected, contingent or non-contingent, concealed or hidden, which now exist or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

**13.3**    Class Plaintiff and the Settlement Class Members covenant not to sue or otherwise assert any Released Claims against Defendant.  The Parties contemplate and agree that this Agreement may be pleaded as a full and complete defense and bar to a lawsuit, and may serve as the basis for an injunction preventing any action from being initiated or maintained, in any case sought to be prosecuted on behalf of Class Plaintiff and the Settlement Class Members (including,

24

but not limited to, for actual damages, statutory damages, and exemplary or punitive damages) based on the Released Claims.

14. **TERMINATION OF AGREEMENT**

    **14.1    Termination.**  This Agreement may be terminated by either Parties by serving on counsel for the opposing Party and filing with the Court a written notice of termination within 45 calendar days after any of the following occurrences, provided the terminating party complies with Section 14.2:

        a.    the Parties agree to termination;

        b.    the Court rejects, materially modifies, materially amends or changes, or declines to approve the Settlement;

        c.    an appellate court reverses the Final Approval Order, and the Settlement is not reinstated and finally approved without material change by the Court on remand within two hundred and seventy (270) calendar days of such reversal;

        d.    any court incorporates terms or provisions into, or deletes or strikes terms or provisions from, or modifies, amends, or changes, the Preliminary Approval Order, the Final Approval Order, or the Agreement in a way that a Party reasonably considers material;

        e.    the Effective Date does not occur; or

        f.    any other ground for termination provided for elsewhere in this Agreement.

In addition, Defendant, in its sole discretion, may terminate this Agreement if the number of Opt-Outs exceeds 5% of the number of all persons included in the Settlement Class (the "**Termination Option**").  Defendant shall give written notice to Class Counsel of any decision to exercise the Termination Option within 7 calendar days of Defendant's receipt of the last timely opt-out statement received from the Settlement Administrator as set forth herein.

    **14.2    Good Faith Negotiation.**  Before terminating this Agreement under the preceding paragraph, the Parties shall have a duty to negotiate with each other in good faith, including engaging a mediator if necessary, to attempt to cure the defect and seek approval of a modified Agreement.

**14.3    Settlement Fund Return to Defendant.**  If the Settlement is terminated, if the Settlement is not approved, if the Effective Date does not occur, if the Settlement otherwise fails to become effective for any reason, the money in the Settlement Fund (including accrued interest), less expenses incurred by the Settlement Administrator, including notice and administration expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, shall be returned to Defendant within 7 calendar days of the event that causes the Agreement to not become ineffective or void.  The Administrator shall also apply, if appropriate, for any tax refund owed to the Settlement Fund and pay the proceeds to Defendant, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund.

**14.4    Revert to Status Quo.**  If for any reason, this Agreement is terminated or fails to become effective, then this Agreement shall be null and void, and no stipulation, representation or assertion of fact made herein or in any agreement in principle or term sheet may be used by any Party.  The Parties shall, to the fullest extent possible, be returned to their respective positions in the Action as of the date of this Agreement.

**15.    MISCELLANEOUS**

**15.1    Governing Law.**   This Agreement shall be governed by the laws of the Commonwealth of Massachusetts.

**15.2    Evidentiary Preclusion.**  In order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, the Released Parties may file this Agreement and/or the judgment dismissing this Action in any action or proceeding that may be brought against them.

**15.3     No Construction Against Drafter.**  This Agreement was drafted jointly by the Parties and in construing and interpreting this Agreement, no provision of the Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**15.4     Cooperation of Parties**. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, to defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court or a mediator upon agreement of the Parties.

**15.5     Class Counsel Warranties.** Class Counsel represent and warrant that they (a) have no current client with a claim against Defendant or any of the Released Parties of the type alleged in the Action that has not already been filed and served on Defendant and (b) have no present intention to seek out or solicit former or current borrowers with obligations with Defendant, to pursue individual or class claims against the Defendant with respect to matters within the scope of the Released Claims. The Parties understand and agree that nothing herein imposes or shall be construed to prohibit or restrict Class Counsel from representing persons who seek representation for such claims subsequent to the Effective Date of this Agreement.

**15.6     Confidentiality of Litigation Materials.** Under no circumstance shall Class Plaintiff or Class Counsel disclose to any third party any confidentially designated discovery obtained from Defendant in the Action, except as may be otherwise permitted in this Agreement. Specifically, this Section does not alter the scope of any confidentiality provisions or provisions regarding the use of non-public information set forth in this Agreement or in the Parties' protective orders in this Action.

**15.7    Confidentiality of Settlement Negotiations.**  The Parties to this Agreement agree to keep strictly confidential and not disclose to any third party any non-public information regarding the Parties' negotiation of this Settlement and/or this Agreement. For the sake of clarity, information contained within this Agreement shall be considered public, as well as any information requested by the Court in the approval process and other such information necessary to implement this Settlement, provided such information is filed (and is not under seal) and/or is not considered to be confidential under the Parties' protective orders in this Action.

**15.8.    Press Release.** Prior to the Effective Date, the Parties and their counsel will not issue press releases, contact the media, or otherwise seek to publicize the case or the terms of the Settlement beyond what is required to effectuate the Settlement, *e.g.*, providing Class Notice to the Class Members.  Nothing in this Section, or elsewhere in this Agreement, shall prevent Class Counsel from: (i) discharging their duties to Class Members; (ii) discussing the Settlement with Class Plaintiff, persons in the Settlement Class, or the Court; (iii) disclosing public information about the case in future legal filings; or (iv) responding to government inquiries.    After the Effective Date, the Parties and their counsel will not issue press releases, contact the media, but are free to cite the case and the Class Settlement on their Web Sites

**15.9.    Regular Course of Business.** The Parties agree that nothing in this Agreement shall be construed to prohibit communications between Defendant and the Released Parties, on the one hand, and persons in the Settlement Class, on the other hand, in the regular course of business.

**15.10    Class Member Obligations.** Under no circumstances shall the Settlement or this Agreement or any of the releases herein be deemed to alter, amend, or change the terms and conditions of any account to which any Settlement Class Member is or was a party, or to provide a defense to any monies or obligations owed by any Settlement Class Member to Defendant.

**15.11   Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement.  No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.  This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court.  The provisions of the Agreement may be waived only in a writing executed by the waiving party.  The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

**15.12   Authority.**  Each person executing this Agreement on behalf of any of the Parties represents that such person has the authority to execute this Agreement.

**15.13   No Assignment.**  No party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

**15.14   Agreement Binding on Successors in Interest.**  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

**15.15   Execution in Counterparts.**  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**15.16   Notices.**  Unless stated otherwise herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail and regular mail or FedEx, postage prepaid, as follows:

As to Class Plaintiff and Settlement Class:

Keith J. Keogh, Esq.
Timothy J. Sostrin, Esq.
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, IL 60603
keith@keoghlaw.com

As to Defendant:

David G. Thomas, Esq.
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA 02110
thomasda@gtlaw.com

As to the Settlement Administrator:

Epiq
To the address provided for in the notice.

The notice recipients and addresses designated above may be changed by written notice.  Upon

the request of any of the Parties, the Parties agree to promptly provide each other with copies of

objections, requests for exclusion, or other filings received as a result of the notice program.

    **15.17   Future Changes in Laws or Regulations.**  To the extent Congress, the Federal

Communications Commission or any other relevant regulatory authority promulgates materially

different requirements under the TCPA, those laws and regulatory provisions do not impact this

Agreement or the Settlement.

    **15.18   Time Periods.**  The time periods and dates described herein are subject to Court

approval and may be modified upon order of the Court or written stipulation of the Parties.

    **15.19   Independent Investigation; Receipt of Advice of Counsel.**   The Parties

understand and acknowledge that they: (i) have performed an independent investigation of the

allegations of fact and law made in connection with this Action; and (ii) that even if they may

hereafter discover facts in addition to, or different from, those that they now know or believe to be

true with respect to the subject matter of the Action as reflected in this Agreement, that will not

affect or in any respect limit the binding nature of this Agreement.  It is the Parties' intention to

resolve their disputes in connection with the Action pursuant to the terms of this Agreement now,

31

and therefore, in furtherance of their intentions, this Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in any substantive or procedural law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law or changes in any substantive or procedural law, subsequently occurring or otherwise.  **EACH PARTY ACKNOWLEDGES, AGREES AND SPECIFICALLY WARRANTS THAT THEY HAVE FULLY READ THIS AGREEMENT, INCLUDING THE RELEASES, AND HAVE RECEIVED INDEPENDENT LEGAL ADVICE WITH RESPECT TO THE ADVISABILITY AND LEGAL EFFECTS OF ENTERING THIS AGREEMENT AND THE RELEASES, AND FULLY UNDERSTAND THE EFFECT OF THIS AGREEMENT AND THE RELEASES.  EACH PARTY TO THIS AGREEMENT WARRANTS THAT THEY ACTING UPON THEIR OWN INDEPENDENT JUDGMENT AND UPON THE ADVICE OF THEIR OWN COUNSEL AND NOT IN RELIANCE UPON ANY WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED, OF ANY NATURE OR KIND BY ANY OTHER PARTY, OTHER THAN THE WARRANTIES AND REPRESENTATIONS EXPRESSLY MADE IN THIS AGREEMENT.**

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed as follows:

_____
**ROBIN BREDA**, individually and for
all others similarly situated

_____
Keogh Law, Ltd.
By:  Keith Keogh

_____
Lemberg Law, LLC
By:  Sergei Lemberg

_____
Cellco Partnership d/b/a Verizon Wireless
By:  Craig Silliman
Executive Vice President and Chief
Administrative, Legal and Public Policy
Officer for Verizon Wireless

_____
Greenberg Traurig, LLP
By:  David G. Thomas

33

# EXHIBIT 1

**Breda v. Cellco Partnership d/b/a Verizon Wireless,**
**USDC for District of Massachusetts, Case No. 1:16-cv-11512-DJC**

_____, Claims Administrator

PO Box [_____]

[_____]

<<mail id>>
<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<City>><<State>><<Zip>>

Toll-Free Number: x-xxx-xxx-xxxx
Website: www.bredatcpasettlement.com

## CLAIM FORM

TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE
<u>ALL</u> OF THE INFORMATION BELOW AND YOU <u>MUST</u> SIGN THIS CLAIM FORM.  IF THIS CLAIM FORM IS
SUBMITTED ONLINE, YOU <u>MUST</u> SUBMIT AN ELECTRONIC SIGNATURE.

YOUR CLAIM FORM MUST BE <u>SUBMITTED ON OR BEFORE</u> _____, 2021.

1. **CLAIMANT INFORMATION:**

_____   _____   _____

FIRST NAME                MIDDLE NAME                LAST NAME

_____

ADDRESS 1

_____

ADDRESS 2

_____   _____   _____

CITY                                                STATE      ZIP

_____   _____

TELEPHONE NUMBER (<u>optional</u>)                    E-MAIL ADDRESS (if applicable)

Please check one box: ____Payment by Check  **OR**  _____ Electronic Payment (E-mail Address required)

2. **AFFIRMATION:**

By signing below, I declare, that the information above is true and accurate. This Claim Form may be researched and verified by the Claims Administrator.

Signature: _____

Name (please print): _____

Date: _____

**QUESTIONS? VISIT www.bredatcpasettlement.com OR CALL [_____] or Class Counsel**
**at 866.726.1092.**

112409

# EXHIBIT 2

# NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT
## THE COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

### *Breda v. Cellco Partnership d/b/a Verizon Wireless,*
### USDC for District Court of Massachusetts, Case No. 1:16-cv-11512-DJC

### YOU MAY BE ENTITLED TO RECEIVE MONETARY COMPENSATION.

| | |
|---|---|
| **What is this?** | This is notice of a Proposed Settlement in a class action lawsuit. |
| **What is this lawsuit about?** | The Settlement would resolve a lawsuit brought on behalf of a putative class of individuals, alleging Defendant Cellco Partnership d/b/a Verizon Wireless, ("Verizon"), violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by making prerecorded calls to cellular telephones without the prior express consent of Plaintiff or the putative class members. Verizon denies these allegations and any wrongdoing. The Court has not ruled on the merits of Plaintiff's claims or Verizon's defenses. |
| **Why am I getting this notice?** | You were identified as someone who may have received one of these calls based on Verizon's records. |
| **What does the Settlement provide?** | Verizon agreed to pay up to $3,950,000 in Settlement Funds, which will pay for the cost of notice and administration of the settlement, Settlement Class members' claims, attorneys' fees and expenses incurred by counsel for Plaintiff and the Settlement Class ("Class Counsel"), and any service award for Plaintiff in the amount of _____. Class Counsel estimates that a Settlement Class member who submits a valid and timely claim form ("Claim Form") may |

| | |
|---|---|
| | receive a cash award of between $_____ to $_____ per telephone call. Plaintiff will petition for a service award not to exceed $_____ for Plaintiff's work in representing the Class and Class Counsel's fees up to 33% of the settlement fund, which is $1,316,666.66, plus reasonable expenses. |
| **How can I receive a payment from the Settlement?** | To receive payment, you must complete and submit a valid Claim Form by _____, 2021. You can obtain and submit a Claim Form online at www.bredatcpasettlement.com. You can also make a claim by phone at 800 _____or submit the attached claim form by mail or submit a Claim at the Settlement Website using the Claim ID on your notice. |
| **Do I have to be included in the Settlement?** | If you do not want monetary compensation from this Settlement and you want to keep the right to sue, or continue to sue Verizon on your own, then you must exclude yourself from the Settlement by sending a letter to the address below requesting exclusion to the Settlement Administrator by _____, 2021. The letter must contain the specific information set forth on the Settlement Website "Opt-Out Process" At www.bredatcpasettlement.com.    If you cannot access the Settlement Website, please contact the Settlement Administrator to obtain information about the Opt-Out Process. |
| **If I don't like something about the Settlement, how do I tell the Court?** | If you do not exclude yourself from the Settlement, you can object to any part of the Settlement. You must file your written objection with the Court by _____, 2021, and mail a copy to both Class Counsel and defense counsel. Your written objection |

| | |
|---|---|
| | must contain the specific information set forth on the Settlement Website "Objection Process" at www.bredatcpasettlement.com. If you cannot access the Settlement Website, please contact the Settlement Administrator to obtain information about the Objection Process. The Court will hold a hearing on_____ at _____ to consider whether to approve the Settlement as fair, reasonable and adequate. You or your lawyer may appear at the hearing and speak at your own expense. |
| **What if I do nothing?** | If you do nothing, you will not be eligible for a payment, but you will still be a Settlement Class member and bound by the Settlement, and you will release Verizon from any and liability as set forth in the Settlement Agreement. If you would like a copy of the Settlement Agreement, please visit the Settlement Website or contact the Settlement Administrator. A class judgment approving the Settlement is binding on the members of the class. |
| **How do I get more information about the Settlement?** | This notice contains limited information about the Settlement. For more information, to view additional Settlement documents, and to review information regarding your opt-out and objection rights and the final approval hearing, visit www.bredatcpasettlement.com. You can also obtain additional information by calling _____ or Class Counsel at 866.726.1092. |

BREDA TCPA SETTLEMENT
[INSERT CLAIMS ADMIN]
[INSERT CLAIMS ADMIN ADDRESS]

119245

[CLAIM ID IN DIGITS]
[CLAIM ID IN 2D BARCODE]
Postal Service: Please Do Not Mark or Cover Barcode

[FIRST1] [LAST1]
[BUSINESSNAME]
[ADDR1] [ADDR2]
[CITY] [ST] [ZIP]

119245

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBIN BREDA, *on behalf of herself and all others similarly situated*, <br><br>      Plaintiff, <br><br> v. <br><br> CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, <br><br>      Defendant. | Civil Action No.  1:16-cv-11512-DJC |

**[PROPOSED] ORDER GRANTING**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

The Court having held a final approval hearing on _____, 2022, notice of the hearing and the Settlement having been duly given in accordance with this Court's order (1) preliminarily approving the Settlement, (2) certifying the Settlement Class, (3) approving notice plan and (4) setting the final approval hearing, and having considered all matters submitted at the final approval hearing and otherwise, and finding no just reason for delay in entry of this final order

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.      The Settlement Agreement dated October ___, 2021, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (ECF No.___) are also incorporated by reference into this Final Approval Order.

2.      This Court has federal question jurisdiction over the subject matter of this case pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), personal jurisdiction over Defendant Cellco Partnership d/b/a Verizon Wireless ("Defendant" or

119250

"Verizon"), and the Settlement Class Members, certified in the Court's preliminary approval order, who did not timely request exclusion.

3.      The Court hereby finds that the Agreement is the product of a full day of mediation and arm's length settlement negotiations between Plaintiff and Verizon, supervised by private mediator, Hesha Abrams, Esq., of Hesha Abrams Mediation, LLC.

4.      The Court hereby finds Notice of the Settlement was disseminated to persons in the Settlement Class in accordance with the Court's preliminary approval order, was the best notice practicable under the circumstances, and that the Notice satisfied Federal Rule 23 and due process.

5.      [There were no objections to the Agreement] [*or*] [For the reasons stated on the record, as well as the reasons set forth in Plaintiff's and Verizon's submissions, the Court overrules all objections to the Agreement.]

6.      The Court hereby finally approves the Agreement, finding it fair, reasonable and adequate as to all the Settlement Class Members in accordance with Federal Rule 23.  In addition, the Court finds that the Settlement treats the Settlement Class equitably relative to each other.

7.      The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Settlement Class satisfies all the requirements of Federal Rule 23.

8.      The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Settlement Administrator is hereby ordered to comply with the terms of the Agreement with respect to satisfaction of claims, and any remaining funds.

9.      As of the Effective Date, the Plaintiff and every Settlement Class Member hereby releases all Released Parties from the Released Claims, as stated in the Agreement and are

permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims that are contemplated under this Agreement against the Released Parties.

10.    Class Counsel have moved, pursuant to FED. R. CIV. P. 23(h) and 54(d)(2), for an award of attorneys' fees and reimbursement of expenses. Pursuant to Federal Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a)    The Settlement confers substantial benefits on the members of the Settlement Class;

(b)    The value conferred on the Settlement Class is immediate and readily quantifiable, in that members of the Settlement Class who submitted valid and timely claims will receive cash payments that represent a significant portion of the damages available to them were they to prevail in an individual action under the TCPA;

(c)    Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d)    the Settlement was obtained as a direct result of Class Counsel's advocacy;

(e)    the Settlement was reached following extensive negotiations between Class Counsel and Counsel for Verizon, supervised by well-qualified mediator, Hesha Abrams, Esq., and was negotiated in good-faith and without collusion;

(f)    members of the Settlement Class were advised in the Notice approved by the Court that Class Counsel intended to apply for an award of

attorneys' fees equal to a third of the Settlement Funds in the amount of $1,316,666.66, plus expenses, to be paid from the Settlement Funds;

(g)     a copy of Plaintiff's motion for an award of attorneys' fees and expenses and any incentive award was made available for inspection in the Court's file and on the Settlement Website during the period class members had to submit any objections;

(h)     [there were no objectsions to the award of attorneys' fees and expenses] or [only _____ member(s) of the Settlement Class submitted written objection(s) to the award of attorneys' fees and expenses];

11.     Class Counsel are hereby awarded $_____ for attorney fees and $_____ for reimbursed expenses from the Settlement Funds, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.

12.     The Class Representative, Robin Breda, is hereby compensated in the amount of $_____ for her efforts in this case.  This award shall be paid from the Settlement Fund in accordance with the Agreement.

13.     The Court hereby approves _____ as a *cy pres* recipient for any remaining funds as set forth in the Settlement Agreement.  The Court finds that this organization is closely aligned with the Class's interested and the underlying legal claims.

14.     This Court hereby dismisses this case with prejudice, without costs to any party, except as provided in the Settlement Agreement.  The Court retains jurisdiction jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement.

**IT IS SO ORDERED,**
**ADJUDGED AND DECREED.**


Dated: _____        _____
                                        Honorable Denise J. Casper

# EXHIBIT 4

***Breda v. Cellco Partnership d/b/a Verizon Wireless,***
**USDC for the District Court of Massachusetts, Case No. 1:16-cv-11512-DJC**

**If you received calls on your cellular telephone from Cellco Partnership d/b/a Verizon Wireless ("Verizon"), you may be entitled to benefits under a class action settlement.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- **A proposed settlement will provide $3,950,000.00 (the "Settlement Funds") to fully settle and release claims of the the Settlement Class, which is defined as the:**

  **(1) 61,485 persons in the United States (2) whose cellular telephone number (3) was listed as a "can be reached" number on a Verizon account and (4) received a prerecorded collection call from Defendant (5) during which the person answering the call pressed a key or keys indicating that Defendant was calling the wrong number, and which (6) thereafter received at least one additional prerecorded collection call from Defendant on the same telephone number and concerning the same Defendant account (7) within four years of the filing of the complaint in this action.**

  **Excluded from the Settlement Class are any judges to whom the Action was assigned and any member of the Court's staff and immediate family (to the extent they received a listed call) and all persons who opt-out of or are otherwise excluded from the Settlement Class.**

- **Verizon denies Plaintiff's allegations and any wrongdoing whatsoever. The Court has not ruled on the merits of Plaintiff's claims or Verizon's defenses. By entering into the settlement, Verizon has not conceded the truth or validity of any of the claims against it.**

- **The Settlement Funds shall be used to pay amounts related to the settlement, including awards to Settlement Class Members who submit a valid and timely claim form to receive payment ("Claim Form"), attorneys' fees and costs to attorneys representing Plaintiff and the Settlement Class ("Class Counsel"), any service award for Plaintiff and the costs of notice and administration of the settlement. Class Counsel estimate that Settlement Class members who timely submit a valid Claim Form will receive between $\_\_\_\_ and $\_\_\_\_ per call ("First Distribution Checks"), depending on the number of valid claims received and the amount of calls you recieved. Any monies remaining in the Settlement Fund after the First Disribution checks are distributed and the expiration date for negotiating those checks has passed will be distributed on a *pro rata* basis to those Settlement Class Members who cashed their First Distribution checks (the "Second Distribution"),** unless the administrative costs to make this second distribution outweigh the distribution or, after administrative costs, the amount of the Second Distribution would be nominal and, **provided, however, that no Settlement Class Member will receive more than $500 per call.**

- **Your rights and options, and the deadlines to exercise them, are explained in this Notice. Your legal rights are affected whether you act or do not act. Read this Notice carefully.  Please refier to the Settlement Agreement, which contains defined terms used herein.**

119302

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS (This chart summarizies your rights and options only; please see below for further information) | |
|---|---|
| SUBMIT A CLAIM FORM | If you submit a valid Claim Form postmarked by _____, 2021, you will receive a payment and will give up your rights to sue Verizon and any other Released Parties related to a Released Claim. Claim Forms may be submitted by mail to _____ or through the settlement website by clicking [here] or by calling _____ |
| EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT | If you ask to be excluded, you will not receive a payment. This is the only option that allows you to pursue your own claims against Verizon or other Released Parties related to a Released Claim. The deadline for excluding yourself is _____, 2021. |
| OBJECT TO THE SETTLEMENT | If you wish to object to the Settlement, you must write to the Court about why you believe the Settlement is unfair in any respect. The deadline for objecting is _____, 2021. To obtain a benefit from this Settlement, you must still submit a Claim Form. If you submit only an objection without a Claim Form, you will not receive any benefit from the Settlement and you will give up your rights to sue Verizon or any other Released Parties related to a Released Claim. |
| DO NOTHING | If you do nothing, you will not receive any monetary award and you will give up your rights to sue Verizon or any other Released Parties related to a Released Claim. |
| GO TO THE FINAL APPROVAL HEARING | You may attend the Final Approval Hearing. At the Final Approval Hearing you may ask to speak in Court about the fairness of the settlement. To speak at the Final Approval Hearing, you must file a document which includes your name, address, telephone number and your signature with the Court, which must also state your intention to appear at the Final Approval Hearing. This must be filed no later than _____, 2021 |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be disbursed if the Court approves the settlement and after any appeals are resolved. Please be patient.

112412

## BASIC INFORMATION

### 1. What is the purpose of this Notice?

THE PURPOSE OF THIS NOTICE IS TO INFORM YOU THAT A PROPOSED SETTLEMENT HAS BEEN REACHED IN THE PUTATIVE CLASS ACTION LAWSUIT ENTITLED *BREDA V. CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS.*, FILED IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS, CASE NO. 1:16-CV-11512-DJC. BECAUSE YOUR RIGHTS WILL BE AFFECTED BY THIS SETTLEMENT, IT IS EXTREMELY IMPORTANT THAT YOU READ THIS NOTICE CAREFULLY. THIS NOTICE SUMMARIZES THE SETTLEMENT AND YOUR RIGHTS UNDER IT.

### 2. What does it mean if I received an email or postcard about this settlement?

If you received an email or postcard describing this settlement, it is because Verizon's records indicate that you may be a member of the Settlement Class**.** The members of the Settlement Class include:

> The (1) 61,485 persons in the United States (2) whose cellular telephone number (3) was listed as a "can be reached" number on a Verizon account and (4) received a prerecorded collection call from Defendant (5) during which the person answering the call pressed a key or keys indicating that Defendant was calling the wrong number, and which (6) thereafter received at least one additional prerecorded collection call from Defendant on the same telephone number and concerning the same Defendant account (7) within four years of the filing of the complaint in this action.

Excluded from the Settlement Class are any judges to whom the Action was assigned and any member of the Court's staff and immediate family (to the extent they received a listed call) and all persons who opt-out of or are otherwise excluded from the Settlement Class.

### 3. What is this class action lawsuit about?

In a class action, one or more people called Class Representatives (here, Plaintiff, Robin Breda) sue on behalf of people who allegedly have similar claims. This group is called a class and the persons included are called class members. One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiff claims Verizon violated the Telephone Consumer Protection Act ("TCPA") by placing prerecorded calls to cellular telephones without prior express consent. Verizon denies these allegations and any wrongdoing. The Court has conditionally certified a class action for settlement purposes only. The Honorable Denis J. Casper is in charge of this action.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiff or Verizon. Instead, the parties agreed to this settlement. This way, the parties avoid the risk and cost of a trial, and the Settlement Class members will receive compensation. Plaintiff and Class Counsel think the settlement is best for all persons in the Settlement Class.

112412

**WHO IS IN THE SETTLEMENT CLASS?**

| 5.  How do I know if I am a part of the settlement class? |
| --- |

The Court has certified a class action for settlement purposes only. The Settlement Class is defined as:

> The (1) 61,485 persons in the United States (2) whose cellular telephone number (3) was listed as a "can be reached" number on a Verizon account and (4) received a prerecorded collection call from Defendant (5) during which the person answering the call pressed a key or keys indicating that Defendant was calling the wrong number, and which (6) thereafter received at least one additional prerecorded collection call from Defendant on the same telephone number and concerning the same Defendant account (7) within four years of the filing of the complaint in this action.

If you are still not sure whether you are included, you can visit other sections of the Settlement Website, www.____Settlement.com, you may write to the claims administrator at _____ TCPA Settlement, c/o _____, or you may call the Toll-Free Settlement Hotline, 1-_____, for more information.

**THE LAWYERS REPRESENTING YOU**

| 6.  Do I have lawyers in this case? |
| --- |

The Court has appointed the law firms of Keogh Law, Ltd. and Lemberg Law LLC, as Class Counsel to represent you and the other persons in the Settlement Class. You will not be personally charged by these lawyers.

| 7.  How will Class Counsel be paid? |
| --- |

Class Counsel will ask the Court to approve payment of up to 33% of the Settlement Fund, which is $1,316,666.66 for attorneys' fees, plus reasonable expenses. Class Counsel also will ask the Court to approve payment of $_____ to Plaintiff for her services as Class Representative if permitted by law. The Court may award less than these amounts.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| 8.  What does the settlement provide? |
| --- |

**Settlement Fund**. Verizon will make a one-time, all-inclusive payment of $3,950,000 into a fund (the "Settlement Fund"), which will cover:  (1) cash payments to Settlement Class Members who submit timely and valid Claim Forms; (2) an award of attorneys' fees and expenses to Class Counsel, plus expenses, as approved by the Court; (3) service award to the Plaintiff, Robin Breda, in an amount approved by the Court; and (4) the costs of notice and administration of the Settlement.

112412

**Cash Payments**.  All members of the Settlement Class are eligible to submit a Claim Form and receive a cash payment. To submit a Claim Form, follow the procedures described under Question 11 below. Settlement Class Members will have the option to select receipt of their Settlement Awards by either check or secure electronic payment.  If no option is selected or the secure electronic payment cannot be completed, the Settlement Award shall be paid by check. The Settlement Administrator shall send each Settlement Class Member their Settlement Award within 45 calendar days after the Effective Date ("First Distribution").   **Any monies remaining in the Settlement Fund after the First Disribution checks are distributed and the expiration date for negotiating those checks has passed will be distributed on a *pro rata* basis to those Settlement Class Members who cashed their First Distribution checks (the "Second Distribution"),**  unless the administrative costs to make this second distribution outweigh the distribution or, after administrative costs, the amount of the Second Distribution would be nominal and, **provided, however, that no Settlement Class Member will receive more than $500 per call.**

## 9.  How much will my payment be?

Your share of the Settlement Fund will depend on the number of valid Claim Forms that Settlement Class Members submit and the number of calls you received. Class Counsel estimates that the amount of the cash award (while dependent upon the number of claims) may be within the range of $_____ to $_____.  **This is an estimate only. The final cash payment amount will depend on the total number of valid and timely claims submitted by Settlement Class Members and the number of calls you received.  No Settlement Class member will receive more than $500 per call.**

## 10.  What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the Settlement, you will be a Settlement Class Member and will be bound by the release of claims in the Settlement. This means that if the Settlement is approved, you cannot rely on any Released Claim to sue, or continue to sue, Verizon or other Released Parties, on your own or as part of any other lawsuit, as explained in the Settlement Agreement. It also means that all of the Court's orders will apply to you and legally bind you. Unless you exclude yourself from the Settlement, you will agree to release Verizon and all other Released Parties from any and all of the Released Claims, as defined in the Settlement Agreement.

In summary, the Release includes all claims of any kind, whether known or unknown, that were asserted in the Action, or that could have been asserted in the Action based on the facts alleged in Plaintiff's Class Action Complaint, including, but not limited to, claims arising under the TCPA or similar statute or law, whether, federal, state, or local, or which concern the use of any automatic telephone dialing system, pre-recorded voice, or similar device.

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free; or, at your own expense, you may talk to your own lawyer. The Release does not apply to persons in the Settlement Class who timely exclude themselves.

## HOW TO OBTAIN A PAYMENT

## 11.  How can I get a payment?

To receive a payment, you must timely submit a properly completed Claim Form. You may submit a Claim Form on the Settlement Website: www.bredatcpasettlement.com, or by calling the Toll-Free Settlement Hotline, 1-_____. **Read the instructions carefully, fill out the form completely and accurately, sign it and submit by the deadline**. A Claim Form may be submitted by mail to the Settlement Administrator at: _____ TCPA Settlement, c/o _____, or via the Settlement Website [click here]. To be deemed timely, Claim Forms must be submitted via the Settlement Website, 800- number, or postmarked prior to or on the last day of the Claim Filing Deadline, which is _____, 2021.

## WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

**12.  When would I receive a settlement payment?**

The Court will hold a hearing on _____, 2022 to decide whether to approve the Settlement.  If the Court approves the Settlement, after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a Claim Form will be informed of the progress of the settlement through information posted on the Settlement Website at www.bredatcpasettlement.com. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13.  How do I get out of the settlement?**

If you want to keep the right to sue, or continue to sue Verizon or a Released Party, as defined in the Settlement Agreement, then you must take steps to exclude yourself from or "opt out" of the Settlement.

Persons in the Settlement Class may request exclusion from the Settlement by sending a written request to the Settlement Administrator at the address designated in the Class Notice no later than the Opt-Out and Objection Deadline.  Exclusion requests must: (i) include the case name and civil action number of the Action; (ii) be signed by the person in the Settlement Class who is requesting exclusion; (iii) include the full name and address of the person in the Settlement Class requesting exclusion and the subject telephone number that Defendant called which caused the person to be included in the Settlement Class; and (iv) include the following statement: "**I request to be excluded from the settlement in the Breda TCPA action.**"

No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

**To be valid, you must mail your exclusion request postmarked no later than _____, 2021 to the claims administrator at _____ Settlement, c/o _____.**

**14.  If I do not exclude myself, can I sue Verizon for the same thing later?**

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) Verizon or any Released Parties for the claims that this Settlement resolves.

**15.  If I exclude myself, can I get a benefit from this settlement?**

No. If you exclude yourself, you will not be able to submit a Claim Form for a settlement payment and you cannot object to the settlement.

## OBJECTING TO THE SETTLEMENT

**16.  How do I tell the Court that I do not think the settlement is fair?**

If you are in the Settlement Class, you can object to the Settlement or any part of the Settlement that you think the Court should reject, and the Court will consider your views.

To object, you must: (i) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a member of the Settlement Class, including providing the Claim ID, full name, address, the telephone number Defendant called which caused the person to be in the Settlement Class, and whether he or she intends to appear at the Final Approval Hearing on his or her own behalf or through counsel; (ii) include a statement of such person's specific objections; and (iii) state the grounds for the objection and attach any documents supporting the objection.

**To be considered, you must file your objections with the Court and mail your objections to the addresses below no later than _____, 2021.**

For Plaintiff:                                    For Defendant:

Keith J. Keogh, Esq.                          David G. Thomas, Esq.
Keogh Law, Ltd.                               Greenberg Traurig, LLP
55 Monroe St., 3390                           One International Place, Suite 2000
Chicago, IL 60603                             Boston, MA 02110

**Any such person who does not provide a written objection in the manner described above shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of any attorneys' fees, expenses, and costs and/or service payment.**

**17.  What is the difference between objecting and excluding yourself?**

Objecting is telling the Court that you do not like something about the Settlement. You can object only if you do not exclude yourself from the Settlement. Excluding yourself means that you do not want to be a Settlement Class Member and participate in the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

112412

## IF YOU DO NOTHING

**18.  What happens if I do nothing at all?**

If you do nothing, you will not receive any monetary award and you will give up your rights to sue Verizon or any other Released Parties related to any Released Claims. For information relating to what rights you are giving up, see Question 10.

## THE FINAL APPROVAL HEARING

**19.  When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at _____:00 a.m. on _____, 2022 in Courtroom 11, 5th Floor, at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, which may be conducted by remote means. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 16 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and Plaintiff.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

**20.  Do I have to come to the hearing?**

No. Class Counsel will appear on behalf of the Settlement Class Members. But, you are welcome to come, or have your own lawyer appear, at your own expense.

**21.  May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above. To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear. For this document to be considered, it must include your name, address, telephone number and your signature. The document must be filed with the Court no later than _____, 2021. You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

**22.  How do I get more information?**

This notice is only a summary of the proposed settlement. You can get a copy of the settlement agreement by visiting the Settlement Website, www.bredatcpasettlement.com, or you can write to the address below or call the Toll-Free Settlement Hotline, _____.  You can also call Class Counsel with any questions at 866.726.1092.

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, CELLCO PARTNERSHIP, D/B/A VERIZON WIRELESS OR VERIZON WIRELESS' COUNSEL ABOUT THE SETTLEMENT. ALSO, TELEPHONE REPRESENTATIVES WHO ANSWER CALLS MADE TO THE TOLL-FREE NUMBER ARE NOT**

112412

**AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS
NOTICE.**

# EXHIBIT 5

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

ROBIN BREDA, *on behalf of herself and all others similarly situated*,

       Plaintiff,

v.

CELLCO PARTNERSHIP d/b/a
VERIZON WIRELESS,

       Defendant.

Civil Action No.  1:16-cv-11512-DJC

## [PROPOSED] ORDER  CONDITIONALLY CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, AND APPROVING NOTICE PLAN

This matter came before the Court on Plaintiff's Motion for Preliminary Approval of the proposed class action settlement (the "Settlement"). This case was brought by Plaintiff Robin Breda ("Breda" or "Plaintiff"), individually and on behalf of all others similarly situated, against Defendant Cellco Partnership d/b/a Verizon Wireless ("Defendant" or "Verizon") (together, with Plaintiff, "Parties"). Based on this Court's review of the Settlement Agreement ("Agreement"), Plaintiff's Motion for Preliminary Approval of Settlement, and the arguments of counsel, the Court HEREBY FINDS AND ORDERS AS FOLLOWS:

1.      <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2.      <u>Jurisdiction</u>. The Court has federal question jurisdiction over the case pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

3.      <u>Preliminary Approval of Proposed Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within

- 1 -

the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case, and supervised by private mediator, Hesha Abrams, Esq., of Hesha Abrams Mediation, LLC; and (c) the proposed forms and method of distributing notice of the Settlement to the Settlement Class are appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

4.        Class Certification for Settlement Purposes Only. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, conditionally certifies the following Settlement Class:

> The (1) 61,485 persons in the United States (2) whose cellular telephone number (3) was listed as a "can be reached" number on a Verizon account and (4) received a prerecorded collection call from Defendant (5) during which the person answering the call pressed a key or keys indicating that Defendant was calling the wrong number, and which (6) thereafter received at least one additional prerecorded collection call from Defendant on the same telephone number and concerning the same Defendant account (7) within four years of the filing of the complaint in this action.

> Excluded from the Settlement Class are any judges to whom the Action was assigned and any member of the Court's staff and immediate family (to the extent they received a listed call) and all persons who opt-out of or are otherwise excluded from the Settlement Class pursuant to the requirements set forth in Section 11 of the Settlement Agreement.

5.        In connection with granting class certification, for settlement purposes only, the Court makes the following preliminary findings:

(a)        The Settlement Class includes persons associated with 61,485 unique cellular telephone numbers above, and thus the class is so numerous joinder of all members is impracticable;

(b)        There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved, including,

- 2 -

but not limited to, whether Verizon made prerecorded voice calls to the Settlement Class members, and whether those calls violated the TCPA, and for the purposes of the Settlement only, these questions appear to predominate over any alleged individual questions;

(c)     Plaintiff's claims appear to be typical of the claims of the Settlement Class because she alleges Defendant called her cellular telephone number using prerecorded voice messages without prior express consent;

(d)     Plaintiff and her counsel are adequate to represent the class. Plaintiff appears to have the same interests as the Settlement Class, he does not have any apparent conflict of interest with the Settlement Class, and her attorneys have extensive experience litigating class action cases, including class actions under the TCPA;

(e)     Certification of the Settlement Class is the superior method for fairly and efficiently resolving the claims of the Settlement Class;and

(f)     The form of Class Notice and notice program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23 and due process.

6.     <u>Class Representative</u>. The Court appoints Plaintiff Breda as representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.     <u>Class Counsel</u>.  The Court appoints Keogh Law, Ltd. and Lemberg Law LLC as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.     <u>Settlement Claims Administrator</u>. Epiq is hereby appointed as the Settlement Administrator. The Settlement Administrator shall be responsible for providing notice of the

- 3 -

Settlement ("Notice") to the Settlement Class as provided in the Agreement and this Order, as well as services related to administration of the Settlement.

9.    <u>Class Notice</u>.   The Settlement Administrator shall, by the Notice Deadline, provide:

i.    **Mail Notice and E-Mail**.  The Settlement Administrator will provide individual notice via postcard to every address returned after reverse lookup.  If an address is not available, or if the address available is not a valid address or returned as undeliverable, individual notice will be sent via e-mail if available.   The Settlement Administrator shall perform skip tracing for all returned direct mail; all costs of skip tracing will be considered Settlement Costs and paid from the Settlement Fund.  The E-Mail and Website Notice will be provided in English and Spanish.  The Mail Notice will be provided in English with a statement in Spanish directing Spanish-speaking Class Members to the Settlement Website for the Website Notice.

ii.    **Settlement Website.**  The Settlement Administrator will establish and maintain the Settlement Website dedicated to the Settlement, on which will be posted the Website Notice, a copy of this Agreement, the Preliminary Approval Order, the operative Complaint, the attorneys' fees and service payment applications and any other materials the Parties agree to include.  These documents shall be available on the Settlement Website beginning 5 calendar days after the entry of the Preliminary Approval Order or when filed.   They shall remain until all of Settlement Awards checks disbursed are void unless otherwise ordered by the Court.  The Settlement Website will also allow Settlement Class Members to update their contact information and submit claims.   The Settlement Administrator shall secure the URL www.bredatcpasettlement.com for the Settlement Website.

iii.    **800 Number/IVR/Telephone Claims.**   The Settlement Administrator will establish and maintain an 800 number that will answer questions concerning this Agreement and allow Settlement Class Members to request a written claim form or use their Claim ID, which will be the unique identifier for each Settlement Class member that is provided on the Mail or E-mail Notice ("Claim ID") to make a claim via telephone.

iv.    **CAFA Notice.**  The Settlement Administrator shall, at Defendant's expense, serve CAFA Notice as required by 28 U.S.C. § 1715 to the Attorney General of the United States and the appropriate state officials within 10 calendar days of the filing of the Preliminary Approval Motion.

119242

All costs of the notice program shall be deducted from the Settlement Fund. Further specific details of the notice program shall be subject to the agreement of the Parties and approval of the Court.

10.    <u>Claims, Opt-Outs, and Objections</u>.  Persons in the Settlement Class who wish to submit a claim to receive the Settlement's benefits, or object to the Settlement, or request exclusion from the Settlement Class, must do so in accordance with the Notice and Claim Form. A class member who opts out may not also submit a valid Claim Form or objection, unless the class member confirms their intent to withdraw their opt-out in writing by the date set below for the opt-out deadline.

11.    <u>Settlement Administrator to Maintain Records</u>. The Settlement Administrator shall maintain copies of all claims, objections, and opt-outs received. The Settlement Administrator shall provide copies of all objections and opt-outs to the parties.

12.    <u>Objections to the Settlement</u>.  Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of objection with the Clerk of Court, in accordance with the Notice, Settlment Agreement, and this Order. To be considered, the Settlement Class Member's objection must: (i) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a member of the Settlement Class, including providing the Claim ID, full name, address, the telephone number Defendant called which caused the person to be in the Settlement Class, and whether he or she intends to appear at the Final Approval Hearing on his or her own behalf or through counsel; (ii) include a statement of such person's specific objections; and (iii) state the grounds for the objection and attach any documents supporting the objection.

119242

13.     <u>Appearing at Final Approval Hearing</u>. Any Settlement Class Member who objects may, but does need to, appear at the Final Approval Hearing, either in person or through an attorney hired at such person's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.  A person in the Settlement Class or his or her attorney intending to make an appearance at the Final Approval Hearing must:  (i) file a notice of appearance with the Court no later than 20 calendar days prior to the Final Approval Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on all counsel for all Parties.

14.     <u>Reasonable Procedures to Effectuate the Settlement</u>. Unless otherwise ordered by the Court, the Parties are authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making minor changes to the form or content of the Notice or exhibits to the Agreement they agree are reasonable and necessary.

15.     <u>Final Approval Hearing</u>.  At the date and time provided below, or at such other date and time later the Court sets, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for an award of attorneys' fees and expenses, and any service award to Plaintiff, should be granted, and in what amounts.  The hearing shall be held in Courtroom 11, 5th Floor, at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, or such other location as the Court may order. The Court may also order the hearing to take place remotely via Zoom or such other remote communication system as the Court may direct.

119242

16.     Plaintiff shall file her motion in support of Class Counsel's application for attorneys' fees and expenses, and any service award, no later than the Notice Deadline below.

17.     Plaintiff shall file her: (a) motion in support of final approval of the Settlement; (b) response to any objections to the Settlement, no later than the date stated for the same in the Schedule of Events below.

18.     <u>Schedule of Events</u>. Based on the foregoing, the Court hereby orders the resolution of this matter shall proceed on the following schedule:

| | |
|---|---|
| _____, 2021<br><br>[21 days after the date of this Order] | Deadline for the Settlement Administrator to send notice to the Settlement Class in accordance with the Agreement and this Order (Notice Deadline) |
| _____, 2021<br><br>[the Notice Deadline] | Deadline for Plaintiff to file his Motion for Attorneys' Fees and Expenses, and any Incentive Award |
| _____, 2021<br><br>[60 days after Notice Deadline] | Deadline for any member of the Settlement Class to submit a Claim Form, request exclusion from the Settlement, or object to the Settlement in accordance with the Notice and this Order (Claim, Opt-Out, and Objection Deadline) |
| _____, 2021<br><br>[21 days after the Opt-Out, Objection, and Claim Deadline] | Deadline for Plaintiff to file:<br><br>(1) Motion and memorandum in support of final approval, including proof of class notice; and<br>(2) Response to any objections. |
| _____, 2021 at _____ _.m.<br><br>[Court's Convenience anytime 110 days after preliminary approval] | Final Approval Hearing |

- 7 -

119242

19.     The Court, pending determination of whether the Settlement should be finally approved, bars and enjoins all persons in the Settlement Class, individually, and on a representative basis or other capacity, from commencing or prosecuting against the Released Parties in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims unless they timely opt-out.

20.     The Court, pending final determination of whether the Settlement should be approved, stays all proceedings as set forth herein except those related to effectuating the Settlement.

IT IS SO ORDERED.

Dated:_____      _____
                                                                Honorable Denise J. Casper
                                                                United States District Judge

119242