UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBIN BREDA, *on behalf of herself and all others similarly situated,*<br>    Plaintiff,<br>v.<br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br>    Defendant. | Civil Action No. 1:16-cv-11512-DJC |

### ~~[PROPOSED]~~ ORDER GRANTING
### FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The Court having held a final approval hearing on May 2, 2022, notice of the hearing and the Settlement having been duly given in accordance with this Court's order (1) preliminarily approving the Settlement, (2) certifying the Settlement Class, (3) approving notice plan and (4) setting the final approval hearing, and having considered all matters submitted at the final approval hearing and otherwise, and finding no just reason for delay in entry of this final order

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement dated October 6, 2021, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (ECF No.241) are also incorporated by reference into this Final Approval Order.

2. This Court has federal question jurisdiction over the subject matter of this case pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), personal jurisdiction over Defendant Cellco Partnership d/b/a Verizon Wireless ("Defendant" or

1

"Verizon"), and the Settlement Class Members, certified in the Court's preliminary approval order, who did not timely request exclusion.

3. The Court hereby finds that the Agreement is the product of a full day of mediation and arm's length settlement negotiations between Plaintiff and Verizon, supervised by private mediator, Hesha Abrams, Esq., of Hesha Abrams Mediation, LLC.

4. The Court hereby finds Notice of the Settlement was disseminated to persons in the Settlement Class in accordance with the Court's preliminary approval order, was the best notice practicable under the circumstances, and that the Notice satisfied Federal Rule 23 and due process.

5. There were no objections to the Agreement.

6. The Court hereby finally approves the Agreement, finding it fair, reasonable and adequate as to all the Settlement Class Members in accordance with Federal Rule 23. In addition, the Court finds that the Settlement treats the Settlement Class equitably relative to each other.

7. The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Settlement Class satisfies all the requirements of Federal Rule 23.

8. The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Settlement Administrator is hereby ordered to comply with the terms of the Agreement with respect to satisfaction of claims, and any remaining funds.

9. As of the Effective Date, the Plaintiff and every Settlement Class Member hereby releases all Released Parties from the Released Claims, as stated in the Agreement and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims that are contemplated under this Agreement against the Released Parties.

10.     Class Counsel have moved, pursuant to FED. R. CIV. P. 23(h) and 54(d)(2), for an award of attorneys' fees and reimbursement of expenses. Pursuant to Federal Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a) The Settlement confers substantial benefits on the members of the Settlement Class;

(b) The value conferred on the Settlement Class is immediate and readily quantifiable, in that members of the Settlement Class who submitted valid and timely claims will receive cash payments that represent a significant portion of the damages available to them were they to prevail in an individual action under the TCPA;

(c) Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d) the Settlement was obtained as a direct result of Class Counsel's advocacy;

(e) the Settlement was reached following extensive negotiations between Class Counsel and Counsel for Verizon, supervised by well-qualified mediator, Hesha Abrams, Esq., and was negotiated in good-faith and without collusion;

(f) members of the Settlement Class were advised in the Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees equal to a third of the Settlement Funds in the amount of $1,316,666.66, plus expenses, to be paid from the Settlement Funds;

  (g) a copy of Plaintiff's motion for an award of attorneys' fees and expenses and any incentive award was made available for inspection in the Court's file and on the Settlement Website during the period class members had to submit any objections;

  (h) there were no objections to the award of attorneys' fees and expenses;

  11. Class Counsel are hereby awarded $1,316,666 for attorney fees and $105,856.32 for reimbursed expenses from the Settlement Funds, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.

  12. The Class Representative, Robin Breda, is hereby compensated in the amount of $15,000.00 for her efforts in this case. This award shall be paid from the Settlement Fund in accordance with the Agreement.

  13. The Court hereby approves the National Consumer Law Center as a *cy pres* recipient for any remaining funds as set forth in the Settlement Agreement. The Court finds that this organization is closely aligned with the Class's interested and the underlying legal claims.

  14. This Court hereby dismisses this case with prejudice, without costs to any party, except as provided in the Settlement Agreement. The Court retains jurisdiction jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement.

**IT IS SO ORDERED,
ADJUDGED AND DECREED.**

Dated: May 2, 2022                              _____
                                                Honorable Denise J. Casper